JOSEPH P. BURNETT AND OTHERS V. J. PINKNEY HENDERSON, GOVERNOR.

Under the Act of June 16th, 1840, (Hart. Dig. p. 901,) the Court was bound judicially to know that a tax collector, duly appointed, could be none other than the Sheriff.

Where the bond of an officer, which is set out and made a part of the petition, recites the official character of the defendant, he, and his sureties, are estopped from denying it.

The liability of an officer to pay interest upon money, collected and retained by him, not an open question.

Where the petition charged the defendant with failing to pay over money, collected as taxes, for the year 1844, and the evidence admitted, over the defendant's objection, was that he had failed to account for a part of the assessment of the year 1843, for which latter the judgment was rendered, it was error.

Appeal from Houston.    Tried below before Hon. B. H. Martin.

Suit upon the official bond of a tax collector, charging that he had failed to pay over money, collected as taxes, for the year 1844.    On the trial, the appellee read in evidence the bond of the appellant and his sureties, and also a statement of the account of the appellant, as tax collector for Houston county, for direct taxes, collected by him for the year 1843, in which he was charged with a balance actually due of $775 22, signed Jas. B. Shaw, Comptroller, which was objected to by

appellant, but admitted. The appellant asked the Court to instruct the jury that the instrument declared on in plaintiff's petition, only bound the sureties for taxes, collected by him as tax collector, under the law passed 16th June, 1840, which was refused ; he also asked the Court to instruct the jury that the sureties on his bond were only bound for taxes collected by him after the execution of the bond sued on, also refused.

There was a verdict and judgment in favor of appellee for said balance of $775 22 and interest. Motion for new trial made and overruled.

*T. J. Jennings*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The Court did not err in overruling the demurrer. The Court was bound judicially to know that the tax collector, duly appointed, could be none other than the Sheriff. (Act of June 16th, 1840, Hart. Dig. p. 901.) The bond is set out and made a part of the petition ; and it recites the official character of the defendant, and he and his sureties are thereby estopped from denying it. (Borden v. Houston, 2 Tex. R. 594.) It was unnecessary to offer other evidence of his official character, and consequently it was unnecessary to aver it with greater particularity. The objection that suit on the bond was improperly brought in the name of the Governor of the State, is answered by the 2nd Section of the Schedule of the State Constitution, which expressly authorizes the suit to be brought in the name of the Governor.

There is nothing in the objection that the bond having been given in the form prescribed by the Act of 1840, (Hart. Dig. Art. 3000,) did not create an obligation on the principal obligor to account for the taxes collected under subsequent amendatory laws. It bound him " well and truly to perform the

duties required of and incumbent upon him as collector of taxes," for that county. And that is sufficiently comprehensive to hold him accountable for all the taxes collected by him while in that office. (Bell v. McDonald, 9 Tex. R. 378.)

The liability to pay interest upon the money collected and retained by him, is not an open question. (Borden v. Houston, 2 Tex. R. 594.) But there is a graver objection to the judgment. The petition charges the principal defendant with having collected and failed to pay over $1750 45-100, the amount of the taxes assessed for the year 1844. The evidence admitted, over the defendant's objection, was that he had failed to account for a part of $1249 2-100, the amount of the assessment for the year 1843; and for the latter the judgment was rendered. The defendant was thus called upon by the petition to account for the taxes assessed for the year 1844, and he is surprised by evidence of the amount due for the assessment of the preceding year, 1843, and is adjudged to pay upon the assessment for that year. We think it cannot be doubted that this was a fatal variance between the allegations and the proof. And it therefore becomes unnecessary to revise the other rulings of the Court complained of.

The judgment is reversed and the cause remanded.

Reversed and remanded.