Fowler v. Waller.

---

## Hunley V. Fowler v. Leroy T. Waller.

Where there is no error in the charge as given, this court has frequently decided that it will not reverse the judgment because the instruction to the jury was not sufficiently comprehensive. In such case, the party dissatisfied with the charge should ask for a further instruction to supply the deficiency.

An overseer discharged, without sufficient cause, by his employer before the expiration of the period for which he has been engaged, is entitled to recover for the time during which he had served according to the contract price, and also to recover such damages as he has suffered in consequence of being improperly turned out of employment; the whole not to exceed what he would have received if he had remained and performed his contract.

The rule that he cannot, in any event, recover beyond the amount to which he would have been entitled had the contract been fulfilled, applies as well to a case where the overseer is to receive a portion of the crop for his remuneration, as to that in which a stipulated price in money is agreed on.

---

Fowler v. Waller.

In a suit for damages by an overseer for being wrongfully discharged, a verdict in his favor is not supported by the evidence when it does not appear that the plaintiff sought for employment, and failed to get it, after he was discharged, nor that he did not obtain employment, nor any other fact alleged by him as constituting his damage is made to appear by proof. Under such circumstances the plaintiff would be entitled to recover under the rule laid down for the time during which he has served according to the contract price, and such damages in addition thereto as he might show by proof he had sustained.

APPEAL from Smith. Tried below before the Hon. R. A. Reeves.

This was a suit brought by Leroy T. Waller against Hunley V. Fowler for damages, laid at one thousand dollars, for the alleged violation by the defendant of his contract with the plaintiff, employing him as his overseer from the 16th day of April, 1857, during the balance of said year; the plaintiff's petition averring that, for his services, the defendant agreed to pay him the one-twentieth part of the wheat, corn and cotton crops grown on defendant's plantation.

The plaintiff alleged performance on his part, and that on the 6th day of August of said year, without any just cause, the defendant discharged him from his service. Plaintiff alleged that the inducement which prompted the defendant to discharge him, was that the crops had been "laid by," and there being a prospect for a heavy corn and cotton crop. He alleged that he was an overseer by occupation, with a family dependent on him for support; that being discharged at a time when the services of overseers were not in demand, he was, in consequence thereof, thrown out of employment.

That one-twentieth of the cotton crop was worth five hundred dollars, that said proportion of the corn crop was worth two hundred dollars. By amended petition he averred that, by the terms of the contract, defendant agreed to furnish him with a house as a residence for his family during said year, of which he was deprived by the said act of the defendant, which said house was worth five dollars per month, and by loss of time and expense in removing to another house, cost him fifty dollars, to his damage one hundred dollars.

Fowler v. Waller.

The defendant pleaded in justification the incompetency and bad habits of plaintiff, (in respect to intoxication and unsuitable familiarity towards the negroes under his charge;) and, in reconvention, damages sustained by the negligent and unskillful management of the defendant's business, and in off-set an account of one hundred and eighteen dollars and sixty-five cents, the items of which consisted of divers charges for articles of provision, balance of fifty dollars on a jackass, five bushels of wheat, and three months hire of a negro girl.

The plaintiff supported by proof his allegations respecting the contract, and the fact as to his discharge. He also proved that defendant made from said crop eight hundred bushels of corn; that in the succeeding spring it was worth from one dollar and twenty-five cents to one dollar and fifty cents per bushel. One of the witnesses stated that he counted thirty-nine bales of cotton at defendant's gin house, which he supposed to be the crop of 1857; he thought they averaged four hundred and fifty pounds each; that cotton was worth that season eight cents per pound.

Plaintiff proved that defendant, on several different occasions in the month of June, 1857, and before that time, expressed himself well pleased with the plaintiff as an overseer—that his only objection to him was that he worked too hard. He proved also that the crop was planted previous to his employment; that the drouth " set in " about the middle of June, and continued till about the 20th of July; that the crop was badly pitched, badly planted, and the ground ill prepared before planting, rendering cultivation more difficult; and, in the opinion of the witness, that defendant's crop was, under the circumstances, well cultivated; and that the crop was " laid by " when the plaintiff was discharged.

The defendant introduced testimony to prove that the corn and cotton was badly cultivated; that with a good season, had the land been well cultivated, he would have raised on the one hundred and twenty acres of corn from ten to fourteen bushels per acre, and from the two hundred and twenty-five acres of cotton, perhaps seventy-five or one hundred bales. That, in the opinion of several witnesses, plaintiff was not a skillful overseer. The testimony of defendant's son tended to prove neglect in plaintiff's

attention to defendant's business, and too familiar intercourse with the negroes under his charge. There was other evidence of a few instances of plaintiff's inebriety on certain occasions, and for short periods, but not of habitual drinking. The defendant proved substantially his account in offset.

The plaintiff proved that cotton was worth from eight to ten cents, and by the same witness that defendant made several hundred bushels of wheat, but did not know how much. That after he was discharged he moved into some old houses, and that the defendant denied owing him anything.

The court instructed the jury as follows : "The jury will decide, from the evidence, whether the plaintiff has proved the contract as alleged in the petition. If the contract has been proved, and it has been shown that the plaintiff was discharged before the expiration of the year without his fault, he would be entitled to recover for the services rendered by him before he was discharged, and such damages as he may have shown that he sustained by the wrongful acts of the defendant.

"If you allow the plaintiff compensation, you will be governed by the loss and damages actually sustained, and not the contract price for the whole period, to be decided from the evidence.

"But if you find from the evidence that the plaintiff was in fault, and that he was discharged on sufficient grounds, he would not be entitled to damage, but his compensation would be the value of his services during the time he was actually engaged before his discharge.

"If you find for the plaintiff, render a verdict for the amount, after allowing the defendant such sum, if any, as he may appear from the evidence to be entitled to have."

The defendant asked the court to give the following instructions :

"If the jury believe, from the evidence in the case, that the plaintiff was wrongfully discharged from the employment of the defendant as his overseer, then the measure of damages would be the actual value of the services of plaintiff during the time he was actually engaged in defendant's service, and such actual damages as the plaintiff may have sustained in consequence of being

so wrongfully discharged from the employment of the defendant; and that it devolves upon plaintiff to show by proof that he was damaged by being wrongfully discharged, in what way he was damaged, and to what extent.

"If the jury believe, from the evidence, that the defendant was justifiable in discharging plaintiff from his employ as overseer, then plaintiff can recover in this case only the value of his services during the time he was actually engaged in the service of the defendant. And if the jury believe, from the evidence, that the defendant has shown that he was damaged in consequence of the want of skill and ability of plaintiff as overseer, and his neglect of defendant's hands and business, and the manner in which plaintiff acted in his intercourse among defendant's negroes, and that plaintiff owes defendant for the balance of the price of the jackass, for provisions furnished plaintiff by defendant, and for the hire of the negro girl, then the jury, after ascertaining the said damages sustained by defendant, and the amount for the balance of the price of the jackass, and the provisions furnished by defendant to plaintiff, may set off these against the value of the services proved to have been rendered for defendant by plaintiff during the time plaintiff was actually engaged in defendant's service, and render their verdict for the plaintiff or defendant accordingly as the one or the other has proved the greatest amount of damages and debt, and for the amount which they find in favor of the one or the other." Which instructions were, by the court, refused.

Verdict and judgment in favor of the plaintiff for the sum of two hundred and twenty-one dollars and twenty-five cents.

The defendant moved for a new trial on the grounds:

1st. That the court erred in the charge to the jury.

2d. In refusing to give the charges asked by the defendant.

3d. That the jury found contrary to the evidence under the law as charged by the court.

Which motion was overruled. The defendant appealed, and assigned as error the refusal by the court to give the instructions asked by him, and overruling his motion for a new trial.

---

---

*Tignal W. Jones*, for the appellant.

*Jno. C. Robertson*, for the appellee.—The following portion of the charge of the court below, is assigned as error by the appellant: "If you allow the plaintiff compensation, you will be governed by the loss and damages actually sustained, and not the contract price for the whole period."

The charge as given is not complained of, but the court did not go far enough. It is insisted that the court ought to have further charged, that they were "not to exceed the amount to which the overseer would have been entitled had the contract been fulfilled.'

It seems to be a familiar principle in this court, that a cause will not be reversed for a failure to charge the jury on some particular subject, but it must be on account of error in the charge as given, or for error in refusal to give a charge which ought to have been given. (16 Tex., page 4, Cole v. Cole.)

The defendant "should have asked such instructions as would have supplied the omission in the general charge." (Ib.)

But the charge which appellant insists ought to have been given is abstract. The case of Meade v. Rutledge relied on, (11 Tex., 53–4,) was where there was a contract price for a year's service. The amount was ascertained and agreed on, and the recovery could not exceed the contract price for the year. Not so in this case. Fowler and Waller first agreed on two hundred dollars for his services, but they afterwards changed the contract, so that Waller was to have one-twentieth part of the crop instead of the two hundred dollars. One-twentieth part of the crop is so indefinite, dependent upon so many contingencies, that it would be impossible to say what he would have been "entitled to had the contract been fulfilled." This suit was begun before the year, for which Waller was employed, ended. The jury could not by any known rule have said what would have been the compensation of Waller, had "the contract been fulfilled." This rule therefore only applies to cases where there is a contract for a fixed sum for the year's service.

The various charges asked by defendant and refused were substantially given in the general charge, and ought to have been refused.

The court submitted very properly to the jury the question as to whether the plaintiff was properly discharged or not, and he gave them the law as to damages in either aspect.

And as to the plea in reconvention, the court instructed the jury to allow the defendant such sum, if any, as he may appear from the evidence to be entitled to have.

The charge covers the law of the whole case. It is full, yet concise; it is clear, unambiguous, and could not have misled the jury.

BELL, J.—The charge of the court was correct in its terms, though it did not embrace the whole law of the case. We have frequently decided, however, that where there is no error in the charge, as given, this court will not reverse the judgment, because the instruction to the jury was not sufficiently comprehensive. In such case, it is the duty of the party, who is dissatisfied with the charge, to ask for a further instruction to supply the deficiency in the general instruction. It would have been proper for the court to have instructed the jury that the plaintiff below could not, in any event, recover beyond the amount to which he would have been entitled had the contract been fulfilled. This rule applies as well to a case like the present, where the overseer is to receive a portion of the crop for his remuneration, as to those cases in which the parties agree upon a sum of money as the price of the overseer's services. In this case if the overseer was discharged without sufficient cause, he was entitled to recover for the four months during which he served the appellant in the capacity of overseer, and also to recover such damages as he suffered in consequence of being improperly turned out of employment. In estimating such damages, however, it is error to adopt the amount to which he would have been entitled had the contract been fulfilled as the damage which the overseer has suffered. Because to do this, and also to allow him compensation according to the contract price (which is the true rule) for the time which he actually served, is at once to violate the fundamental rule which does not permit him to recover more than he would have been entitled to receive if the contract had been fulfilled. If wrongfully discharged, the overseer can recover for his actual services, according to the contract price,

and such damages as he proves he has sustained by being wrong-
fully discharged, the whole not to exceed what he would have
received if he had remained and performed his contract.   Tested
by this rule, the verdict in this case is not supported by the evi-
dence.   There is no proof whatever, that the appellee did not
obtain employment after he was discharged.   There is no proof
that he sought employment and could not find it after reasonable
efforts to do so.   There is no proof that he paid anything for a
house to live in during the remainder of the year, after he was dis-
charged.   The only proof is, that he was to receive one-twentieth
part of the crop for his services; that he served from the 16th of
April until the 6th of August, when he was discharged; and the
proof as to the amount and value of the crop, made by the appel-
lant.   The construction of the evidence most favorable to the
appellee will not sustain the verdict.   It is shown that the appel-
lant made eight hundred bushels of corn, which is shown to have
been worth from $1 25 to $1 50 per bushel.   At the highest
price, one-twentieth of the value of this corn would be sixty dol-
lars.   The appellee served the appellant less than four months, but
for facility of calculation we will say that he served four months.
The time for which he contracted to serve was eight months and
a half.   For the four months service, he would then be entitled to
less than half of the twentieth part of the value of the corn; say
in round numbers, thirty dollars.   Let us then assume, according
to an allegation in the answer of the defendant, that there were
forty-five bales of cotton made; and that they averaged four hun-
dred and fifty pounds in weight, and that cotton was worth ten
cents per pound.   Forty-five bales of cotton, weighing four hun-
dred and fifty pounds each, would make twenty thousand, two hun-
dred and fifty pounds; which, at ten cents per pound, would be
worth two thousand and twenty-five dollars.   One-twentieth part
of two thousand and twenty-five dollars, would be a small fraction
over one hundred and one dollars; and the half of this again would
be fifty dollars and fifty cents.   The expression "several hundred
bushels of wheat," is too general for a basis on which to compute
damages; but if we could assume that there were three hundred
bushels of wheat made; and if we could infer that it was worth

$1 25 per bushel, from the fact that the appellant sold some to the appellee which he proved to be of that value, we would then have three hundred bushels of wheat worth three hundred and seventy-five dollars.   One-twentieth part of three hundred and seventy-five dollars, is eighteen dollars and seventy-five cents, and one-half of this again is nine dollars and thirty-seven and a half cents.   We have then on account of corn, thirty dollars; on account of cotton, fifty dollars and fifty cents; and on account of wheat, nine dollars and thirty-seven and a half cents, making a total of eighty-nine dollars and eighty-seven and a half cents.   This is a more liberal estimate than is warranted by the evidence of what the plaintiff below was entitled to recover for the time that he actually served the appellant as overseer.   The appellant also proved a small account in set-off against the demands of the plaintiff below.   Of other evidence of damage sustained by the appellee, there is none.   The verdict was therefore unsupported by the evidence, and the court erred in overruling the motion of the appellant for a new trial on that ground.   On another trial, the appellee may possibly be able to support his case by evidence, better than he did before.   The judgment is reversed, and the cause remanded for further proceedings.

Reversed and remanded.