A. D. TINSLEY AND WEBSTER FLANAGAN v. RUSK COUNTY.

1. BOND OF ASSESSOR AND COLLECTOR OF TAXES CONSTRUED.— Under the act of 1866, regarding the assessment and collection of taxes, the omission of the collector to execute a new bond within ten days after the 1st of January following, the execution of the

first bond does not release the securities on the first bond for liability on account of a default of the collector occurring after the period when the second bond should have been executed.

2. Parol evidence of Tax rolls, when admissible.—In suit against an assessor on his official bond, parol evidence is admissible to show the amounts of taxes assessed, when the tax-rolls were last seen under the control of the assessor, and that they were not produced after service on him of subpœna *duces tecum.*

3. Certificate of State comptroller, when not evidence.— The certificate of the State comptroller of the amount of taxable property in a county, and the amount of poll and county taxes levied for a particular year, not being a certified copy of a record in his office, is not admissible in evidence.

4. In a suit against a principal and his securities, the principal (who was present when the trial began) during its progress became sick and unable to attend court. The defendant's counsel asked to have the cause withdrawn from the jury, in order to apply for a continuance, on account of their inability to procure the evidence of the principal, which was refused, no diligence being shown to procure the testimony of the witness prior to trial : *Held,* that there was no error.

Appeal from Rusk. Tried below before the Hon. M. D. Ector.

Suit on assessor and collector's bond. A question rose on the trial of this cause as to admissibility in evidence of a certificate signed by A. Bledsoe, Comptroller of the State, certifying to facts in regard to taxes which appeared of record in his office, but having no reference to any copy from the records accompanying the certificate.

The facts of this case will be found carefully stated in the opinion, except the testimony of Kilgore, the only witness on the subject of indebtedness. He testified that, after the expiration of McCammon's term of office, he was present at an attempted settlement of the account of McCammon with the treasurer of Rusk county; that McCammon and his deputies, the treasurer and witness, were present; that witness was then a member of the County Court, and had been appointed to examine the books, rolls, and accounts of McCammon; that it appeared from the examination that McCammon was indebted to

Rusk county in the sum of about twenty-nine hundred dollars; that after the examination the books and rolls, &c., were taken by McCammon and his deputies, to all which the defendants objected, on the ground that it was an attempt to supply by parol evidence what appeared to be a matter of record. Kilgore further stated that he obtained his information from evidence furnished by defendant and his deputies; that they admitted a collection of $840 occupation, income, and salary tax at the time of the settlement. It was shown that a subpœna *duces tecum* had been served on McCammon prior to the trial, requiring the production of the books, rolls, &c., used in the attempted settlement, at which Kilgore was present.

There was a verdict and judgment against McCammon, the collector, for $858.37, and against McCammon and his securities for $3,806, from which the securities appealed.

*Casey & Blanton* and *N. G. Bagley,* for appellants.

No brief for appellee has reached reporters.

Devine, Associate Justice.—John C. McCammon was sued as principal and appellants as the sureties on McCammon's bond as assessor and collector of taxes for the county of Rusk during the years 1868, 1869, and 1870. The petition charged as breaches of the bond, his failure to account for and pay over to the treasurer of Rusk county the sum of nineteen dollars ($19.86) of the taxes collected by him during the year 1868, with a like failure to account for and pay over the further sum of twelve hundred and forty-two dollars ($1,242) of the taxes of said county, collected by him during the year 1869, and a failure to account or pay over, in 1870, the sum of sixteen hundred and thirty dollars ($1,630.51) of the county taxes, collected by him for and during the year 1870, making in the aggregate the sum of two thousand eight hundred and ninety-three dollars

($2,893.) Other breaches of the bond were charged, and a judgment for the sums withheld, damages, &c., was asked against defendants. Plaintiff amended at a subsequent term of the court, and charged a failure to account for or pay over by defendant an amount received by him during 1868, 1869, and 1870, of taxes belonging to Rusk county, of nearly seven thousand dollars.

Defendants filed a general exception to the petition, and answered with a general denial, and a claim of seven hundred dollars due McCammon by Rusk county, and a prayer for judgment in defendants' favor for that amount. In January, 1874, the court appointed an auditor to hear evidence, examine books, papers, and accounts, and state accounts between the county and McCammon. No report was made by the auditor, and on the trial of the cause the jury rendered a verdict against all the defendants for three thousand eight hundred and six dollars, ($3,806.21,) and the additional sum of eight hundred and fifty-eight dollars ($858.37) against McCammon separately.

Appellants' motion for a new trial having been overruled, the sureties, Tinsley and Flanagan, have appealed, and assign as errors: "1st. The court erred in overruling the defendants' exceptions to the plaintiff's petition, as to the sureties on McCammon's official bond, their liability on said bond having ended on the first day of January after the date of said bond."

It was contended in argument, and is urged at length in the brief by appellants' counsel, that as the act of 1866, under which McCammon acted as assessor and collector of taxes, required that "on the 1st day of January, or within ten days thereafter, in each and every year, the assessor and collector shall execute a like bond to the State, and one to the county; therefore appellants, as sureties on the bond, are not liable for the default of their principal occurring after the expiration of the ten days next succeeding the 1st of January, 1869, and cite in support of this view,

Albright *v.* The Governor, 25 Tex., 695.    In the case cited, as in this, the suit was on the bond for an alleged failure of duty in the collection and paying over the taxes collected, and the sureties, as in the case at bar, sought to defend against the suit, as not being liable beyond the close of the first year.    This court, on appeal, sustained that defense, holding that, "by the provisions of the law of 1848, the bond of the assessor and collector was only intended to secure the collection and prompt payment, according to law, of the taxes for one year, the law providing that the bond should be renewed at the August term of the County Court of each year," and the sureties could only be held bound for the breach of the condition of the bond arising during the year.    Were the law of 1866, respecting assessors and collectors of taxes, the same on this subject as that of 1848, (Hart. Dig., arts. 3131, 3132,) this assignment of error would suffice to dispose of this case.

A comparison, however, of the law of 1848 with the statute of 1866 (Pas. Dig., arts. 7480, 7481) will show they are entirely different.  The act of 1866, after declaring that the assessor and collector of taxes shall hold his office during the term of four years, (unless sooner removed,) and until his successor is duly qualified, declares he shall give bond with sureties, "and said bond shall be deemed to extend to the faithful performance of all duties imposed on him by law, and the instructions of the State Comptroller of Public Accounts, as assessor and collector for and during the full term for which he was elected or appointed, as well as for the collection of all sums which were uncollected by his predecessor in office, and shall also be deemed to cover the whole time from the date of its execution to the end of the term for which he was elected, and until his successor is qualified, and shall not become void on the first recovery, but suit may be maintained thereon until the whole amount thereof shall be recovered."

That the assessor and collector may be required to fur-

nish a new bond, and additional or other securities, when-
ever in the opinion of the police court it may be deemed
advisable, or that on the 1st day of January, or within ten
days thereafter, in each and every year, he shall execute a
like bond to the State and county, was intended to give the
State and county additional security or guaranties for the
performance of the official duties, and was not meant to
deprive the State and county of the security already exist-
ing by reason of the liability of the sureties. The omission
of the police court to require the new bond cannot be held
to release the sureties and destroy the value of the bond,
when the same law expressly declared that the bond should
be deemed to cover the whole time from the date of its
execution to the end of the term for which he was elected
or appointed. To avoid any misapprehension on this sub-
ject, it is in substance repeated by the declaration that it
shall be deemed to cover the whole term for which he was
elected, and until his successor is qualified. The law of
1848 is silent on the subject of the bond continuing or be-
ing deemed to cover any time beyond the year of its exe-
cution. There was no error in the overruling of defendant's
exceptions to the petition.

The second assignment of error is: "The court erred in
permitting C. B. Kilgore to testify as to any amount due
from McCammon to Rusk county, because the tax rolls
were the best evidence of the amounts assessed by said
McCammon, and because parol evidence cannot be substi-
tuted for record, and because it is not shown that certified
copies of said rolls cannot be procured." The witness
Kilgore was a member of the County Court, appointed by
the County Court, and requested by the county treasurer
to assist him in a settlement of McCammon's accounts, at
the close of his official term as assessor and collector. The
witness, Kilgore, stated that McCammon and his deputies
were present; that after the examination of the books,
rolls, and accounts, it appeared that McCammon was in-

debted to Rusk county in the sum, or about the sum, of twenty-nine hundred dollars; that the books, &c., were present, and were taken away by McCammon and his deputies; that he obtained his information from McCammon and his deputies, and that they also admitted they had collected about eight hundred and forty dollars' occupation, income, and salary tax. The objection that the assessment rolls were not produced in evidence has no force in this case. Diligent search was made where the rolls should have been had the collector performed his duty. Subpœnas *duces tecum* had been served on McCammon and his deputies to bring into court the books, rolls, &c. The deputies failed to appear, and McCammon stated that he did not know where the rolls, &c., were; that he could not produce them; that he saw them last at his office in the town of Henderson in the possession of one of his deputies and defendant, A. D. Tinsley. The evidence of the witness Kilgore, as it appears in the statement of facts, leaves it uncertain how much was ascertained from McCammon's books, or from the statements or admissions of that person and his deputies. Why the county treasurer was not introduced as a witness is not shown.

The third assignment is, the court erred "in admitting as evidence the statement or certificate of the Comptroller of Public Accounts." The certificate referred to is a statement by the Comptroller of the amount or value of taxable property, and poll tax for the years 1868, 1869, and 1870, with the amount of county tax levied in Rusk county for each of these years. There is no law that we know of authorizing the admission of a paper of this character in a suit of this kind. It is not a certified copy of any record in the Comptroller's office, and is not authorized by art. 3715, Pas. Dig., or by art. 3708, which last has reference to an entirely different state of facts or character of suit; neither is it authorized by art. 3707, Pas. Dig. It is a statement of certain facts appearing from examination of the tax rolls of

Rusk county, and not admissible as evidence in its present form. (Allbright v. The Governor, 25 Tex., 694.) The court erred in admitting the statement of the Comptroller in evidence.

The fourth assignment, that "the court erred in refusing to allow the defendants to withdraw their announcement of readiness for trial, on account of the absence of McCammon from court, after plaintiff's evidence had been closed, said McCammon having been examined by the plaintiff." A large discretion is vested in the presiding judge as to when a cause should be withdrawn from the jury and continued without the consent of all parties to the suit. The judge, we believe, properly exercised it in refusing to withdraw, and continue the case. The trial had continued during one day. On the next morning defendants' counsel asked the court to withdraw the cause from the jury, previous to the making a motion for a continuance, as one of the defendants (McCammon) was absent; was required as a witness on his own behalf and that of his co-defendants; and that it was believed he was too unwell to attend. This defendant had been examined the day before, for the information of the court, to lay a predicate for the introduction of secondary evidence relative to his tax rolls, &c. He stated that he could not tell where they were; saw them last in possession of one of his deputies and one of the defendants; that he knew but little about the business, as it was all conducted by his deputies; that he never had charge of the rolls, but that he had a settlement with a former County Court, and thought it was all right. It is stated in appellants' brief that McCammon "may be execution proof, and indifferent as to the result of the suit, and the sureties ought to have an opportunity to compel him to testify." This may be so. The securities, however, took no steps requiring his attendance. The fifth and seventh assignments, in reference to the charge of the court and the refusal to give the instructions asked for by defendants, are not sup-

ported by any facts in evidence or action of the court. The court in the charge presented the questions involved in the trial to the jury in quite as favorable a manner to defendants as was consistent with the pleadings and evidence. The charges asked by defendants applicable to the case had in substance been clearly stated by the judge in his general charge to the jury.

The sixth assignment of error, that the court erred in refusing defendants a new trial for the reasons stated in the motion for a new trial, must be sustained. The improper admission of the Comptroller's certificate in evidence, and the uncertain nature of C. B. Kilgore's testimony, the sole witness for plaintiff on the question of indebtedness, authorized the granting a new trial. The eighth assignment it is not necessary to notice.

REVERSED AND REMANDED.