### A. T. ROSE v. SALLIE S. WINN ET AL.

1. ADMINISTRATOR'S BOND.—A bond intended as an administrator's bond, executed in 1871, is valid and binding as such, notwithstanding the absence of a formal conclusion declaring in terms the circumstances under which it shall become void or shall remain in force and effect, if the condition of the bond intended by the parties executing it is manifest.

2. FACT CASE — ADMINISTRATOR'S BOND.—See opinion for a bond, executed by an administrator with securities held good, and which omitted to state in terms the conditions on which the obligation might be enforced, or which would render the bond void.

3. BONDS — MISTAKE.—Generally, the omitted formal conclusion of a bond will be supplied by construction, if, from an inspection of the entire instrument, it is manifest that the omission was accidental.

APPEAL from McLennan. Tried below before the Hon. L. C. Alexander.

The opinion states the facts.

35

*Sleeper, Jones & Kendall* and *Walton, Green & Hill*, for appellant.

I. The court erred in sustaining the demurrer to the original and amended petition.

Under the law in force in Texas in 1871, an administrator's bond which has been filed and approved by the proper clerk is a good bond, notwithstanding, in the concluding part of it, the words "then this obligation to be void; otherwise to remain in full force and effect," are omitted, the bond otherwise being in the usual form. (Paschal's Dig., art. 5567; Houston and Great Northern Railroad Co. *v.* Randall, 50 Tex., 254; Stockton *v.* Turner, 7 J. J. Marsh., 192; Mitchell *v.* Duncan, 7 Fla., 20; Giles *v.* Halsted, 24 N. J. Law, (4 Zabr.,) 366; State *v.* Winfree, 12 La. Ann., 643; Kincannon *v.* Carroll, 9 Yerg., 11; Judge of Probate *v.* Ordway, 3 Fost., 206; Whitehall *v.* Hancock, 8 Ala., 466; Bennehan *v.* Webb, 6 Ired., 57; Iredell *v.* Barbee, 9 Ired., 250; Ring *v.* Gibbs, 26 Wend., 502; Gully *v.* Gully, 1 Haw., 20; The Ordinary *v.* Cooley, 30 N. J. Law, 179; Mitchell *v.* Duncan, 7 Fla., 20.)

*John C. West* and *William L. Prather*, for appellees.—The administration bond sued on in this case was evidently intended by the sureties to be conditional, and not an absolute obligation, as it now is, with no condition expressed.

The sureties alone are parties defendant.

The statute in force at the time the bond was given (1871) failing to prescribe any condition, the condition of the former statute will be followed. (Paschal's Dig., art. 5567, notes 1242, 1281, 1283.)

Where the covenants contained in the bond are more onerous than those imposed by statute, such departure from the statute invalidates the bond. (Johnson *v.* Erskine, 9 Tex., 6; Janes *v.* Reynolds, 2 Tex., 256.)

The construction of involuntary bonds, or of those taken under color of office, or of the law, is more rigorous than of

bonds taken voluntarily. (Janes *v.* Reynolds, 2 Tex., 255, 256; Johnson *v.* Erskine, 9 Tex., 10, 11.)

GOULD, ASSOCIATE JUSTICE.—Rose, the holder of an allowed and established claim against the estate of John A. Winn, deceased, on which claim the administrator of said estate had been regularly ordered by the court to pay over to him a balance in his hands, sought to enforce said payment by suit on the bond of the administrator. The instrument sued on as such bond is as follows:

"THE STATE OF TEXAS, } Estate of John A. Winn, deceased.
  *McLennan County.* }

Know all men by these presents: That we, J. W. England, as principal, and Mrs. Sallie L. Winn, Fauntly Johnson, G. B. Dutton, and Thomas Stanford, as sureties, are held and firmly bound unto D. F. Davis, clerk of the District Court of McLennan county, Texas, and his successors in office, in the sum of twenty-four thousand dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Signed with our hands and sealed with our seal this 16th day of January, 1871. The condition of the above obligation is such, that whereas the above bound J. W. England has been appointed administrator of the estate of John A. Winn, deceased, by the District Court of McLennan county: Now, if the said J. W. England shall well and truly perform all the duties incumbent upon him as administrator of said estate.        J. W. ENGLAND.

SALLIE L. WINN.
G. B. DUTTON.
THOMAS STANFORD."

The court below sustained a general demurrer to the petition setting out this bond, holding it to be null and void and not binding on the sureties who signed the same.

Our opinion is, that the bond was valid and binding as an administrator's bond, notwithstanding the absence of the

usual formal conclusion, "then this obligation to be void; otherwise to remain in full force and effect."

Mauleverer *v.* Hauxby, 2 Saund., 79, was a suit on a bond reading thus: "The condition of this obligation is such, that if the above bound William Morkinfield be and appear before our said Lord the King at Westminster on," &c., "to answer John Booth, gentleman, of a plea of trespass," &c., "then the condition of the obligation to be void and of none effect, or else the same to be in full power and virtue." The court held the bond good, and say: "And if the whole clause had been omitted, the bond and condition would have been good enough; for after the bond comes the condition in this manner, 'The condition of this obligation is such, that if the said Morkinfield appear,' &c., which words alone show that the bond was taken for the appearance of Morkinfield, which was all that the statute requires, though the clause 'then this obligation shall be void' had been wholly omitted."

It note 4 to the case of Butler *v.* Wigge, 1 Saund., 66*a*, it is said: "If there be an omission of the usual conclusion of a condition, (namely, 'that then the obligation shall be void,' &c.,) yet the condition is good, and it is a good defeasance of the bond."

In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will "transpose or reject insensible words and supply an accidental omission," in order to give effect to that intention. (Bennehan *v.* Webb, 6 Ired., 59; Whitscott *v.* Womack, 8 Ma., (N. S.,) 481; Giles *v.* Halsted, 4 Zabr., 366; Kincannon *v.* Carrol, 9 Yerg., 11; Stockton *v.* Turner, 7 J. J. Marsh., 192; Gully *v.* Gully, 1 Hawk., (N. C.,) 20; Bac. Abr., title "Conditions," letter L.)

These authorities justify supplying the missing formal conclusion in the bond sued on, if from the entire instrument it is manifest that it was accidentally omitted, unless the fact that this was a statutory bond, required by law to be given by administrators, places it beyond their scope. The statute in force when it was given prescribed no form, and of course

did not contain anything making the bond invalid for want of mere form. Under these circumstances, we feel at liberty to follow courts of high authority in applying the rule just deduced from the authorities to administration bonds. (The Ordinary *v.* Cooley, 30 N. J. Law, 179; Iredell *v.* Barbee, 9 Ired. Law, 250; Judge of Probate *v.* Ordway, 3 Fost., (N. H.,) 198.)

Indeed, in the case last cited the court enforces its construction of the bond by considerations growing out of its being a bond required in the course of an administration. It says: "In this Supreme Court of Probate, we know on what occasions the judge of probate is authorized to take official bonds. We take judicial notice of them. * * * We notice the kind of bond the law authorizes the judge to receive and requires him to exact. Thus we know what the parties must have intended, much better than by any general rules of construction; and we are bound to give to the language used such construction as will give effect to the intention of the law, and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may be drawn, and though some of the. expressions might even be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation and without that same light which the statute affords us as to the intention of the parties and of the Probate Court." (Mitchell *v.* Duncan, 7 Fla., 20.)

This court has supplied the word "dollars" in a supersedeas bond for a writ of error, a bond which, if forfeited, is given by statute the force and effect of a judgment against the sureties, holding that from a consideration of the nature and object of the instrument it was morally certain that the word was omitted by mistake. (See opinion of Chief Justice Roberts on overruling motion to dismiss in case of Houston and Texas Central Railroad Co. *v.* Randall.)

No summary judgment is or could be claimed on the bond in this case, but the proceeding is an ordinary suit thereon.

It appears to us that the bond is substantially in compliance with the statute, and that the condition of the bond intended by the parties is manifest, notwithstanding the absence of a formal conclusion. A very slight change of phraseology would give it a form dispensing with the formal conclusion, but recognized by statute for attachment bonds and adopted by Mr. Sayles in his Treatise. (Sayles' Treat., forms 8–13; Paschal's Dig., art. 163.)

The conclusion reached, that the bond is valid, is believed to be founded on principles recognized in the decisions of this court in regard to statutory bonds from the earliest cases down. (Janes *v.* Reynolds, 2 Tex., 250; Johnson *v.* Erskine, 9 Tex., 2; Janes *v.* Langham, 29 Tex., 413; Jones *v.* Hays, 27 Tex., 1; City of Marshall *v.* Bailey, 27 Tex., 686; Burnett *v.* Henderson, 21 Tex., 588; Pierce *v.* Wallace, 48 Tex., 399; Houston and Great Northern Railroad *v.* Randall, 50 Tex., 254.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.