HOUSTON COUNTY v. E. B. DWYER ET AL.

(Case No. 1286.)

1. TAXATION — SURETIES.— The act of April 22, 1871 (Pasch. Dig., p. 1605), did not operate as a release of the securities on the bond of a collector of taxes for the amount of school tax collected after that date, under a bond executed under the act of 1870; nor did the action of the county court, in directing suit for a specific sum against the officer and his sureties, preclude the county from recovering the true amount due.

2. PRACTICE.— A judgment of the district court will not be reversed because of errors in the charge, if from the whole record it appears that the jury was not misled by it, and the final result was in no way affected by such charge; following Armstrong v. Lipscomb, 11 Tex., 654; Hollingsworth v. Holshousen, 17 Tex., 47, and other cases.

3. PRACTICE.— In a suit against a tax collector and the securities on his official bond, for failing to pay over money collected as such, it should be shown that the tax collector received the tax rolls from the proper authorities, and that they were in his hands for collection. When he thus receives them, he is justly chargeable with the whole amount of the rolls. The burden is then, and not before, on the collector to show that he has collected and paid over, or to show lawful excuse for his failure to do so. Cordray v. The State, 55 Tex., 141; Swan v. The State, 48 Tex., 121; Shaw v. The State, 43 Tex., 359; Allbright v. The Governor, 25 Tex., 695, and other cases, cited and followed.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

Suit brought by Houston county against appellees, on the official bond of defendant Dwyer, as sheriff during the years 1870, 1871 and 1872, to recover the amount of school-house taxes which had been levied by the county court and by the board of school directors of the county on the assessed values of taxable property for those years, and which it was alleged Dwyer, as sheriff, had collected and failed to pay over or account for. Prayer for judgment with interest and costs, or in the alternative that if the court should be of opinion that a county court order, appended to the petition, was binding on the parties, or estopped plaintiff from recovering whatever sum of money might be shown to be due, then prayer for the amount declared by the county court to be due, with interest thereon and costs, and for general relief.

The appellees pleaded: 1st. A general denial. 2d. Want of authority in the county of Houston to sue in her name, except for the amount declared by her county court to be due, as shown by the exhibit to petition, etc.

Verdict for the defendants; judgment accordingly.

S. A. Miller, for appellant.

No brief for appellee on file.

WEST, ASSOCIATE JUSTICE.— The action of the court in charging the jury that the effect of the act of the 22d of April, 1871, was to work a release of the sureties of the appellee Dwyer from liability for any default of his after the date of that act is assigned as error.   The charge of the court, too, to the effect that the judgment and action of the county court, had under the provisions of the act of February 10, 1874 (General Laws, ch. 8, p. 5), was to prevent a recovery of any greater amount than the sum of two hundred and forty-seven 82–100 dollars ($247.82), then ascertained as the amount due, is also assigned as error.

From the examination we have made of the questions raised by these two assignments of error, we are inclined to the opinion that they are both well taken.   We do not believe that the effect of the act of the 22d of April, 1871, was to release the sureties after that date, nor do we think the action of the county court, under the act of February 10, 1874, would prevent appellant from recovering the true amount due by appellees.   In the view, however, which we have taken of the case, these misdirections of the court become immaterial.

It has always been the rule of this court, from the beginning, not to reverse a case because of an error of the court in its charge, if it appears from the whole record that the jury were not misled by it, and that the final result has in no way been affected by this errone-ous action.   Armstrong v. Lipscomb, 11 Tex., 654; Hollingsworth v. Holshousen, 17 Tex., 47; Carter v. Eames, 44 Tex., 547, 548; McDonald v. Hancock, MSS. Case of 1845, cited in Alexander's Digest, p. 296.

The jury found by their verdict that the proof failed to show that appellees were indebted, in any amount whatever, to appellant. This issue was fairly and fully submitted to the jury in the charge of the court, and it is quite evident from the record that the verdict of the jury was the result of the failure of appellant to make the necessary proof of indebtedness on the part of appellees.   In order to fix the liability of appellees, it was necessary, in addition to the facts shown, to prove something more than was done in this case. It should, at the least, have been shown that the appellee, Dwyer, received the rolls from the proper authorities, and that they were in his hands for collection. The pleadings put this very matter in issue and the proof failed to sustain the allegations of the petition.   See authorities cited below.

The appellant's whole evidence consisted of the sheriff's bond, the order of the county court asserting his indebtedness to be two hundred and forty-seven dollars and eighty-two cents ($247.82), and

a deposition of the comptroller stating his opinion, as gathered from the records of his office, as to the amount of the assessed values of property in Houston county for the years 1870, 1871 and 1872. In addition to this, it was admitted that the several levies of taxes were in fact made by the county court and board of school directors for Houston county, as stated in the pleadings of appellant. This was not sufficient evidence to make out appellant's case. In order to show the failure of appellee to collect and pay over, which acts constitute the alleged breach of appellee's bond, it should have been shown by proof to the jury that the proper assessment rolls for the years named were placed by the proper authorities in the hands of the sheriff for collection. When this is done, he is then at once justly and properly charged with the whole amount of the rolls, and the burden is then (and not before) upon him to show that he has actually collected the amount stated in the rolls, and paid the same over, or to show a lawful excuse for his failure to do so. This the court in substance charged the jury.

The theory of the appellant was entirely different, and it was by this different idea that the introduction of testimony was regulated. The appellant supposed the fact that the rolls were placed in appellee's hands, and the amounts due on the roll, were judicially known to the court and jury.

The confessed failure of the appellant to prove the fact of the collection and non-payment is shown in the charge asked by appellant and evidently relied on for a verdict in the case.

The court was asked to charge the jury that the court had judicial knowledge that the ordinary tax rolls of Houston county for the years named in the petition came to the hands of the appellee, Dwyer, for said years. In other words, the court and jury were, without proof, presumed to know that the assessment rolls for the years named were properly made out, and their amount, and that they were all in due time placed in the hands of the sheriff. The court was also asked to charge the jury that this presumption not only was that the rolls had passed into his hands, but that also he had collected whatever amount it was his duty to collect, under the existing laws, in the absence of proof to the contrary.

It is evident that there was an entire absence of proof to show the appellees liable for any amount, and hence the other errors of the court complained of became immaterial; for had the court, on these matters, charged the law with entire accuracy, the result would have been the same, owing to the failure of appellant to prove to the satisfaction of the jury the facts from which the liabil-

ity of appellees, and the amount of it, could be ascertained. Swan v. The State, 48 Tex., 121; Cordray v. The State, 55 Tex., 141; Shaw v. The State, 43 Tex., 359; Burnett v. Henderson, 21 Tex., 590; Highsmith v. The State, 25 Tex. Sup., 139; Allbright v. The Governor, 25 Tex., 695; Lockhart v. The City of Houston, 45 Tex., 317; Morris v. The State, 47 Tex., 593.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered March 13, 1883.]