## WITHAM v. GAGE et al.

No. 14708—Opinion Filed Sept. 30, 1924.

**1. Courts—City Court—Appeal Bond—Validity.**

An undertaking given in an appeal from a judgment of the city court of Muskogee to the district court which substantially complies with the statutes providing for appeals from justices of the peace, but which names the defendant as obligee instead of plaintiff, is not void, and in an action thereafter instituted on the bond the sustaining of a demurrer directed to such defect and the dismissal of plaintiff's petition, to which is attached a copy of such bond, constitutes reversible error.

**2. Same — Substantial Compliance with Statute—Liability of Sureties.**

In an appeal bond which substantially complies with the statute providing for appeals from justices of the peace but which has inserted therein the name of the defendant as the obligee instead of the plaintiff, the obligation of the sureties remains the same.

**3. Estoppel—Necessity for Pleading.**

Estoppel is always a matter of action or defense, and must be pleaded with great particularity. It cannot, therefore, be raised by demurrer, except in cases where the facts constituting an estoppel to the maintenance of an action appear on the face of the petition.

**4. Courts—Action on Appeal Bond from City Court—Sufficiency of Petition.**

Record examined, and held, the petition of plaintiff in an action upon an appeal bond from the city court of Muskogee to the district court stated a cause of action notwithstanding the defendant in the city court and appellant in the district court was inadvertently named in the body of the bond as obligee instead of the plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County, E. A. Summers, Judge.

Action by N. W. Witham against W. M. Gage, O. S. Thompson, and John Long. From judgment in favor of defendants, plaintiff appeals. Reversed.

Wipperman & Wipperman, for plaintiff in error.

William Neff, Thomas J. Wiley, and Harry G. Davis, for defendants in error.

Opinion by PINKHAM, C. The plaintiff in error, M. W. Witham, obtained a judgment against W. M. Gage in the city court of Muskogee for $223, together with interest.

Gage filed in said city court an undertaking on appeal to the district court of Muskogee county with the other defendants in error, O. S. Thompson and John Long, as sureties, which is in words and figures as follows:

"In the city court of Muskogee county, state of Oklahoma. Before Chas. Wheeler, judge of said court. W. M. Witham, Plaintiff, v. W. M. Gage, Defendant. No. 1194, District Court.

"We, W. M. Gage, as principal and_____ as sureties and residents of said_____county, hereby undertake and bind ourselves to the said W. M. Gage in the above entitled action, in the sum of $450____that being double the amount of the judgment and costs rendered against said appellant W. M. Gage in said action, that said appellant will prosecute his appeal from said judgment to the district court of said Muskogee county to effect and without unnecessary delay, and if judgment be rendered against__h____on the appeal that __h____ will satisfy such judgment and costs.

"Witness our hands this 22 day of March, 1922.

"(Signed) W. M. Gage,
"(Signed) O. S. Thompson,
"(Signed) John Long."

The undertaking was approved by the judge of the city court.

The plaintiff in error, Witham, filed in the district court a motion for an order requiring the defendant in error, W. M. Gage, to amend and supply irregularities and omissions in said undertaking or to furnish a new and sufficient undertaking.

At the hearing of said motion on the 5th day of August, 1922, Gage asked leave to file a good and sufficient undertaking, correct in form and sufficient in amount, and the court thereupon granted leave to file such undertaking on or before the 15th day of August, 1922. On the 26th day of August, 1922, on motion of plaintiff in error, the appeal was dismissed by the district court for the reason that the defendant in error, Gage, failed to comply with the order of the court previously made, and the cause was remanded to the city court to be proceeded with according to law.

On the 30th day of August, 1922, the plaintiff in error caused an execution to be issued out of the city court of Muskogee directed to the sheriff of Muskogee county against the defendant in error, Gage, which said execution was returned by said sheriff wholly unsatisfied.

On the 8th day of December, 1922, the plaintiff in error brought this action in the district court of Muskogee county against the defendants in error, W. M. Gage, O. S. Thompson, and John Long, on the undertaking in the said appeal, in which he sets up two causes of action.

In the first cause of action the plaintiff in error, plaintiff in the trial court, asks the court to reform a bond and fill in the name of plaintiff in error, M. W. Witham, as obligee in said bond, and to strike the name of W. M. Gage, and also to add in the body of said bond the names of O. S. Thompson and John Long as sureties and fill certain other blanks so that the bond may be rendered good and valid, and such an undertaking as will justify a recovery thereon by plaintiff. In the second cause of action the plaintiff seeks to recover judgment on said bond as reformed and corrected.

On the 8th day of January, 1923, the defendants in error O. S. Thompson and John Long filed a general demurrer to the plaintiff's petition, and on the same date the defendant in error Gage filed his general demurrer to the said petition. On the hearing of said cause the district court sustained the demurrers to the plaintiff's petition, and the plaintiff electing to stand on his petition the court thereupon rendered judgment for the defendants and against the plaintiff for costs.

Plaintiff in error thereupon filed his transcript and petition in error in this court assigning as error the order of the district court sustaining the demurrers of defendants in error, and rendering judgment in their favor and against the plaintiff in error.

It will be observed that the name, W. M. Gage, the party against whom the judgment was rendered in the city court and from which judgment he appealed to the district court, was inserted in the undertaking on appeal both as obligee and obligor and that the names of the sureties who executed the bond, O. S. Thompson and John Long, were omitted from the body of the undertaking.

The court in sustaining the demurrer of defendants in error and dismissing plaintiff in error's petition seemingly relied upon the theory that the bond in question was a

nullity and insufficient to confer jurisdiction on the court.

It is not necessary that the names of the sureties should appear in the body of the bond. 4 R. C. L. 551. The chief defect in the bond was because the name of the defendant in error Gage appeared as the obligee instead of the name of plaintiff in error, Witham.

This evident mistake—and it could have been nothing more—while irregular, did not render the bond void.

A true copy of the undertaking involved was attached to plaintiff's petition, and an examination of it shows clearly that in an action in the city court the plaintiff in error was plaintiff and the defendant in error, defendant; that in said action a judgment was rendered against the defendant, Gage, and a copy of the judgment of the judge of the city court was attached to plaintiff's petition.

Where there can be no mistake as to the purpose of the bond, or for whose benefit it was given, and where the mistake was such as could be corrected, such a bond is not void.

In the case of Ryndak v. Seawell, 23 Okla. 759, 102 Pac. 125, in an opinion by Hayes, J., it is said:

"Bonds, like contracts, are to be construed, if possible, that they may have effect and to the end that the purposes and the intention of the parties executing the contract may be promoted rather than defeated."

In that case the rule announced in Rose v. Winn. 51 Tex. 545, wherein the court said:

"In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will transpose or reject insensible words and supply an accidental omission in order to give effect to that intention."

—is quoted with approval.

In the Ryndak Case, supra, the language of the bond did not recite that the parties executing the bond bind "themselves," but recited only that they bound their heirs and personal representatives, the word "ourselves" being omitted entirely. The court held that "the failure to insert the word 'ourselves,' after the word 'bind' is not fatal to this obligation."

In Embry v. Midland Land Co., 50 Okla. 610, 151 Pac. 218, it is held in the syllabus:

"A dissolving bond given in attachment proceedings before a justice of the peace which substantially complies with section 6311, Snyder's Comp. Laws 1909, but which fails to name an obligee in the obligatory part, is not void, and a demurrer directed at such defect to a petition in usual form, with the bond attached, is properly overruled."

In the opinion it is said:

"Some of the cases cited by counsel for plaintiffs in error appear to support their contention, but we cannot assent to so narrow a rule and thereby permit this character of injustice. The fact that no obligee was named, as it appears to us, was only an informality."

In Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 Pac. 1104, it is held in the syllabus:

"Where the plaintiff in an action appeals from the justice court to the county court and gives a bond which recites that the undersigned, as principal and sureties, bind themselves 'to the plaintiff' instead of the defendant, held that such mistake on motion should be amended by order of the county court."

See, also, U. S. F. & G. Co. v. Hansen, 36 Okla. 459, 129 Pac. 60; Spaulding Mfg. Co. v. Roff et al., 34 Okla. 309, 125 Pac. 727.

These decisions are in harmony with section 1017, Comp. Stat. 1921, which provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient or such undertaking may be insufficient in form or amount it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken or that it be filed in said court."

Defendants in error rely principally upon the case of Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620, in support of the action of the trial court in sustaining the demurrers to plaintiff's petition.

We think it sufficient to say that the bond in the case cited not only failed to recite the amount of judgment but omitted to recite many other things required to be stated in an appeal bond. The court held in that case that the undertaking there in question was a mere nullity, but not because of the omission to name the real obligee.

The defendants in error contend that the plaintiff in error having procured the dismissal of the appeal and then causing an execution to be issued out of the city court against Gage, the principal in the bond, that the plaintiff in error is now precluded from maintaining an action on the bond against the sureties thereon.

These contentions cannot be sustained. At the time the appeal was taken by Gage from the city court to the district court, the court's attention was called to the fact of the irregularities in the appeal bond, and the defendant in error W. M. Gage asked for and obtained leave of the court to file a new bond instead of correcting and mending the bond attacked by the plaintiff in error, and was given a sufficient length of time in which to do so. Gage failed and neglected to give the new undertaking, and thereupon the appeal was dismissed.

We think the question of whether the appeal was properly dismissed is not before the court in this proceeding in error. The plaintiff in error properly caused an execution to issue against Gage prior to the bringing of this action on the bond.

It is contended by defendants in error that if the bond was not void the plaintiff in error is estopped to now contend it was good.

The doctrine of estoppel cannot be invoked by these sureties, whose obligation was not changed by the mere fact that by mistake or inadvertence the name of defendant was inserted in the bond as the obligee instead of the name of the plaintiff, the obligation being otherwise clearly and distinctly expressed in the bond.

We think the petition of plaintiff filed in the district court states a cause of action, that the trial court erred in sustaining the demurrer thereto, that if the objections urged against the petition are available to defendants in error they are so available only as matters of defense and do not go to the sufficiency of the petition, and that the judgment appealed from should be reversed, with directions to overrule the demurrer and reinstate the cause.

By the Court: It is so ordered.