## LUMBERMEN'S RECIPROCAL ASS'N v. HENDERSON. (No. 1150–5110.)

Commission of Appeals of Texas, Section A. March 27, 1929.

D. C. Bland, of Orange, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiff in error.

Dies, Stephenson & Dies, of Orange, for defendant in error.

NICKELS, J. The opinion of the Court of Civil Appeals is reported at page 646 of 1 S.W.(2d), and to it we make reference for a general statement of the case.

1. That court applied a presumption of actual receipt (on July 22, 1926) by the Industrial Accident Board of notice of "appeal" (section 5, art. 8307, R. S. 1925), because the "notice" properly addressed, stamped, and registered, was deposited in the mails at Orange and left that place in due course at "about 7:20 o'clock p. m. July 21st," so that, in due course, it should have reached the post office in Austin (locus of the board) early in the morning of July 22d. Thus, it was held, there is proof of notice given within the 20-day period (section 5, art. 8307).

Since the presumption of receipt of mail by

addressee obtains (when at all) "in the absence of evidence to the contrary," it became necessary for that court to determine whether such evidence exists. It held that certain "evidence" (urged as destructive of the ground for the presumption) "has no probative force," and in this, we think, there was error. The statement of facts, "in all things approved" by counsel for the parties and by the district judge, includes a recital that "counsel for plaintiff" (Henderson) "offered in evidence certified copy of the notice of appeal given to the Industrial Accident Board by the plaintiff * * * as received by the Board on July 26, 1926." The copy thus "certified" included this notation: "Industrial Accident Board, State of Texas, received July 26, 1926." We do not perceive just reason for saying that counsel's statement (having an admissive quality) or the "notation" itself (separately considered) is without relevancy to the date of receipt of the "notice," and hence without probativeness. The question presented does not include one of admissibility of evidence as against objections made; in consequence, Gen. Acc. Fire & Life Assurance Corp. v. La Fair (Tex. Civ. App.) 294 S. W. 247, Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576, Tinsley v. Rusk County, 42 Tex. 40, and Robertson v. DuBose, 76 Tex. 1, 13 S. W. 300, cited by defendant in error, are not in point, and it is unnecessary to determine whether the "notation" should have been excluded if objection had been made.

In our opinion, the showing made is that "notice" was not given within the 20-day period, even if such "notice" (when required) can be given by mail (see Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S. W. 117), and about which question we neither express nor imply a conclusion.

2. In view of what has been said herein above and in such cases as Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, and Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195, it becomes necessary to determine whether there was jurisdiction in the district court for the judgment rendered.

According to the petition: (a) Compensible injuries occurred to Henderson January 13, 1925, and notice thereof and claim therefor were properly made; (b) the insurer paid "compensation" until "about the 20th day of September, 1925"; (c) about the date, just mentioned, he was paid $111.38 by agents of the insurer with the representation that the payment was by way of advance "for the following three months," but with the requirement that he sign "some character of statement which he understood to be a receipt for the money paid him," his signature being procured by fraudulent representations of that character for the paper and transaction and his illiteracy, etc.; (d) he made no agreement for settlement; (e) thereafter he received a "notice" from the Industrial Accident Board "that a compromise settlement" evidenced by

the instrument mentioned had been "approved" by the board September 28, 1925; (f) that proceeding before the board was ex parte; (g) he then employed attorneys and made application to the board for vacation of the approval order and for the opportunity to "present evidence to show the full liability" of the insurer, etc., which application was overruled July 2, 1926; (h) because of the fraud alleged suit is brought to set aside the purported settlement agreement and the order of July 2, 1926, and to recover "compensation" as provided for in the Workmen's Compensation Law as applicable to the facts. Whether the board made an award of compensation prior to the "settlement" and approval thereof is not made to appear either in the pleading or the proof..

■ Averments of fraud in procurement are essentially of judicial cognizance; and because the Industrial Accident Board is not a court (article 5, Constitution; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556), its action is in nowise a condition precedent to institution of judicial proceedings to secure appropriate relief. Accordingly, Henderson's application to the board for vacation of the asserted agreement was not required, and the board's declination to grant that prayer (evidenced by the so-called "award" of July 2, 1926) is without effect. In such a case, we hold, the requirements of "notice" as a condition of jurisdiction has no application, and the district court (despite lack of "notice" shown in "1" above) had authority to adjudge vacation of the agreement.

■ But recovery of "compensation" in the district court is differently circumstanced. The matter of an "award" giving or denying compensation is definitely placed in the board by tripartite agreement, and thus, in a manner avoiding constitutional obstacles to investiture of administrative agencies with the judicial functions; in respect to compensation given or denied, and "appeal" from that action, compliance with the statutory requirements of notice is jurisdictional. Mingus v. Wadley, supra; Oilmen's Reciprocal Ass'n v. Franklin, supra.

Except for some formal recitals, the order of July 2, 1926, is in these words:

"On this the 2nd day of July A. D. 1926, after due notice to all parties at interest, came on to be considered * * * the question of declaring that compromise settlement agreement heretofore made and entered into by and between Sylvester Henderson and the Lumbermen's Reciprocal Association under date of September 22, 1925, approved September 28, 1925 * * * to be of no binding force and effect, and reopening the claim of said Sylvester Henderson * * * for hearing before the Board upon its merits, and the Board now finds and orders as follows:

"That upon a consideration of the evidence submitted in connection with the subject of the hearing of this case, the Board is of the

opinion and finds that the said Sylvester Henderson has failed to establish to the satisfaction of the Board that the Lumbermen's Reciprocal Association or any of its officers, agents or representatives were guilty of mistake, fraud or misrepresentation such as induced said Sylvester Henderson to make and enter into said compromise agreement, and to consummate the same, or that any change of condition has been undergone, or upon which the Industrial Accident Board which induced it to approve said compromise agreement and to make its final order of approval, and therefore said Board ought to and does hereby decline to declare said consummated compromise settlement of no binding force or effect and ought to and does hereby refuse to reopen the claim of the said Sylvester Henderson against the Lumbermen's Reciprocal Association for hearing upon its merits, and it is so ordered, adjudged and decreed by the Board."

The language used in the order makes it plain that the matter of "compensation" on "its merits" was not considered or passed upon, and that declination to go into the "merits" was predicated alone upon nonsatisfaction that fraud, etc., in procurement of the agreement existed. And (as shown above) it is not made to appear that the board had previously made an "award" of any character touching the "merits" of the claim for compensation.

It results that jurisdiction (in the district court) does not sufficiently appear to warrant that part of the judgment in which recovery of compensation is allowed. But rendition of judgment (by the Supreme Court) finally denying compensation is not required. For there are possibilities: (a) A lawful award of compensation may have been made by the board prior to execution of the purported release, which (award) account of failure of the insurer to give "notice" and to make an "appeal" may now be final and enforceable in the district court. (b) Henderson alleged seasonable filing of "claim" (with the board) and the order of July 2, 1926, contains language (e. g., " * * * reopening the claim for hearing * * * upon its merits * * * ") indicating that the board then recognized a "claim" as then pending within its jurisdiction. (c) Absent an "award" giving or denying compensation (final on account of lack of judicial attack in the statutory way), and present a case lawfully pending with the board on September 28, 1925 (date of purported approval of the "compromise" evidenced by the release), a consequence of vacation of the "release" is that Henderson is free to prosecute his "claim" to a final "award" by the board, and either party will be free, thereupon, to lay the predicate for exercise of jurisdiction by the district court. The possibilities are such, in our opinion, as to require that so much of the cause as involves recovery or enforcement of compensation be remanded for disposition by the district court in the light of the actual situation then developed. Article 1771, R. S. 1925.

3. We recommend: (a) Affirmance of the judgments of the district court and Court of Civil Appeals in so far as therein vacation of the instrument of settlement and release of date September 22, 1925, and purported approval thereof (by the board) of date September 28, 1925, is decreed; (b) reversal of said judgments in all other respects (save costs in the district court) and remand of the cause, except in respect to the issues involved as pertinent to the aforesaid settlement and release and purported approval thereof; (c) taxation of costs on appeal against Sylvester Henderson, defendant in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both affirmed in part, and in part reversed and remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.