## MARYLAND CASUALTY CO. v. MEYER.

### No. 3951.

Court of Civil Appeals of Texas. Amarillo.

Feb. 1, 1933.

Rehearing Denied March 1, 1933.

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

G. C. Harney, of Borger, and Willis, Studer & Studer, of Pampa, for appellee.

MARTIN, Justice.

A former appeal of this case is reported in (Tex. Civ. App.) 41 S.W.(2d) 291, where a sufficient statement appears, except as we see fit to add to same in its discussion.

The same jurisdictional question is again presented as was decided on the former appeal. Being satisfied with the disposition and the discussion of this question shown in the report of this case, we pretermit any further reference to same.

Appellant again assails the sufficiency of the testimony to support the finding of the jury upon the issue of fraud and also upon the further issue of ratification of fraud pleaded.

Upon the first of these questions, we are in grave doubt as to the sufficiency of the evidence, but, since the case will have to be reversed upon the second contention, we forego a discussion of this as unnecessary.

On the 20th day of February, 1929, appellee executed a compromise settlement with appellant, subject to the approval of the Industrial Accident Board, for the sum of $75. He was discharged from the hospital about April 3d following. About April 9th the Industrial Accident Board approved this settlement, and notified appellee in writing to this effect. From this date until about May 10th appellee was at work for a portion of the time. On the last-mentioned date a compromise settlement receipt was signed by appellee and a check for $75 delivered to him and cashed. This receipt contains the recital that the sum of $75 is in full compromise settlement of all claims for compensation which he has or could have against the appellant. It is the claim of appellee that he read none of these documents, and that the last was not legible and could not be read, and that he accepted the $75 under the belief that it was an installment payment upon the six and one-half months' pay promised him by the agent of appellant at $75 per installment and that he had no knowledge at the time this was signed that it was a final settlement of all his claims. In response to an appropriate issue, the jury found, in substance, that the last instrument was not

legible and could not be read by appellee. The original has been sent up with the record. There is not a blur or erasure on its face. It is as plain as any page of the record in this case. It is signed in ink. An inspection of it makes it certain that it is not only plainly legible, but that there was no evidence upon which any such issue could properly be submitted to the jury. Some two weeks preceding the execution of this settlement receipt, appellee wrote appellant: "Could you get final settlement checks $75.-00 due me * * * out today. * * * The only reason I agreed to settle with you on this basis was I had another job in sight. * * * If this money is not in Amarillo Bank & Trust Co. by Monday, April 29th, 1929, I am to enter suit for a lot more money."

He claims he did not know the contents of the original compromise settlement, but on April 20th he wrote to appellant in part: "I fell in a ten foot ditch. The papers you sent me to sign said six foot."

The total of this evidence seems to make it plain that, whether appellee ever read these instruments or not, he knew their contents in part when he accepted the $75 in full and final settlement of all claims, and must have known that such payment was intended as a final and full one. If we impute to the appellee enough mental capacity to know the nature of these transactions, we are forced to the conclusion that he signed the final receipt with knowledge that it was intended as a final payment. If appellee correctly states his physical condition, it is a pathetic one, but no appropriate issue was made in the lower court on his mental capacity, and, assuming that he had such, as we must in the absence of a contrary showing, we are compelled under our duty as we see it to hold that the findings of the jury which had the effect of findings against ratification are without evidence to support them.

The judgment is reversed, and the cause remanded.