## Bill BELL v. STATE.

### No. 17880.

Court of Criminal Appeals of Texas.

Jan. 22, 1936.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Drunkenness in a public place is the offense; penalty assessed at a fine of $50.

The evidence heard upon the trial is not brought up for review. We find nothing in the record which would justify reversal or require discussion.

The judgment is affirmed.

## COMMERCIAL CASUALTY INS. CO. v. HILTON.

### Motion No. 12258; No. 1901—6432.

Commission of Appeals of Texas, Section A.

Jan. 29, 1936.

For original opinion, see 87 S.W.(2d) 1081.

Harris, Harris & Sedberry, of San Angelo, and Touchstone, Wight, Gormley & Price, Lucian L. Smith, and Collins & Houston, all of Dallas, for plaintiff in error.

Kerr & Gayer, of San Angelo, for defendant in error.

HICKMAN, Commissioner.

We desire to correct an inaccuracy appearing in the original opinion and pointed out in the motion for rehearing. The request made by the Industrial Accident Board to Dr. Jennings for a report on the condition of the employee was made, and the report of Dr. Jennings was re-turned prior to the making of the contract of settlement, and not after the contract was submitted to the Industrial Accident Board for its approval. This inaccuracy in no sense weakened the contention of the employee that the contract should be set aside for the fraud of the board or its agent, but we are glad our attention was called to it. The correction makes it all the more certain that Dr. Jennings was not the agent of the board.

The motion for rehearing has been given due consideration and is overruled.

PER CURIAM.

Opinion adopted by the Supreme Court.

## Sam Tom BROWN v. STATE.

### No. 17861.

Court of Criminal Appeals of Texas.

Jan. 22, 1936.

Richardson & Lanier, of Jasper, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Rape is the offense; penalty assessed at confinement in the penitentiary for five years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.