## BRANNON v. PACIFIC EMPLOYERS INS. CO.

### No. 12099.

Court of Civil Appeals of Texas. Galveston.

June 9, 1949.

Rehearing Denied June 23, 1949.

Peter P. Cheswick, of Houston, for appellant.

Chilton Bryan and S. G. Kolius, both of Houston, for appellee.

GRAVES, Justice.

The appellant, J. W. Brannon, sued the Pacific Employers Insurance Company in the District Court of Harris County, to set aside a compromise-settlement agreement, relating to alleged benefits accruing to him under the Workmen's Compensation Law of Texas. Vernon's Ann.Civ.St. art. 8306 et seq. The compromise-agreement was duly approved by the Industrial Accident Board of Texas, and was in sum of $215, out of which the appellant received a sum of $115 in cash and $100 by check, which had never been returned by appellant to appellee, but which appellee had retained.

Appellant alleged fraud as grounds for setting aside the compromise-agreement, and further alleged that his disability resulting from the accidental injury was total and permanent, entitling him to maximum compensation under the Texas law.

The Pacific Employers Insurance Company filed its plea in abatement to jurisdiction of the district court to entertain this suit, because the amount involved was less than $500, and the district court sustained its plea, dismissing the suit.

The trial court's order of dismissal contained this recitation: " * * * it is

the opinion of the Court that the above entitled and numbered cause is one solely cognizable by and within the jurisdiction of the County Court, and that the above entitled and numbered cause is not cognizable by and within the jurisdiction of this Court * * *".

Appellant's sole point of error for a reversal, together with citation of the leading cases he contends settle the question in favor of the jurisdiction of the trial court to hear and determine such cause, are as follows: "The district court erred in sustaining the Plea in Abatement, because in suits to set aside a compromise-settlement agreement, under the Workmen's Compensation Law, the amount of the agreement procured by fraud cannot be used to determine jurisdiction of the trial court." Lumbermen's Reciprocal Ass'n v. Henderson, Tex.Com. App., 15 S.W.2d 565, 566, Syl. 2; Maryland Casualty Company v. Meyer, Tex.Civ. App., 41 S.W.2d 291.

This Court overrules such contention, and affirms the appealed-from judgment.

A careful review of appellant's petition in the trial court convinces it that he misconstrued the holdings of the courts that he so relies upon, as well as the reaches of his petition in its averments as to the jurisdiction of the trial court to entertain the suit.

As the preceding recitations have shown, he merely sued to set aside the Accident Board's approval of the compromise-settlement the appellant and the appellee had signed for a total of $215 without there having been a trial either in any court, or before the Accident Board, of any claim upon his part for benefits under the compensation law, upon the ground that such compromise-settlement had been procured from him by the fraud of the appellee; he simply recited that he had been an employee of the Richard Olmsted Company in Houston, which carried a policy of compensation-insurance covering its employees with the appellee; that in the course of such employment he had been injured accidentally to such extent as so disabled him as to entitle him to the "maximum compensation under the laws of the State of Texas"; that the $215 so settled for had

been due him as the first several months of such compensation accruing to him under the conditions stated.

His prayer for relief, in material part, was this: "* * * that upon final trial he have judgment setting aside the compromise-agreement signed November 17th, 1947, with the defendant herein, and which had been approved by the Industrial Accident Board of Texas, and for such other and further relief that he may be entitled to in law and equity, general or special, as he will ever pray."

■ It is well settled not only that the jurisdiction of the court to determine a particular cause is determined by the allegations of the petition (11 Tex.Jur., Page 741, Par. 27), but further, especially in suits, like the present one, to set aside awards of the Industrial Accident Board, that the petition must affirmatively show such jurisdiction, as thus declared by the Supreme Court through the Commission of Appeals in Travelers Insurance Company v. Peters, Tex.Com.App., 14 S.W.2d 1007, 1008: "Such jurisdiction must affirmatively appear and cannot be based upon a presumption. It therefore becomes necessary in a suit filed in any court to set aside such award to describe the award made by the Industrial Accident Board, in order that the court may determine whether it has jurisdiction of the subject-matter under the claim as made before such Board."

■ It is clear that appellant's petition not only wholly fails to show such jurisdiction as he invoked, but upon the contrary, affirmatively showed that it did not exist; even under the Supreme Court's opinion in the Henderson case he so cites and relies upon; indeed, appellant appears to recognize that much, because he especially limited his allegation to this: "* * * that plaintiff is entitled to have his alleged agreement set aside by judgment of this court to permit him to file his claim for compensation justly due him."

■ Neither did the fact that the settlement-contract involved related to claimed compensation-benefits have anything to do with the jurisdiction of the trial court to set it aside for fraud; that question was fully discussed and disposed of by our

Supreme Court in Commercial Casualty Company v. Hilton, 126 Tex. 497, 87 S.W. 2d 1081, which included a review of appellant's major authority herein—Lumbermen's Reciprocal Ass'n v. Henderson, Tex. Com.App., 15 S.W.2d 565.

It is, therefore, deemed unnecessary to review either of those determinations here, since under them it is plain that appellant's petition in this case was insufficient to invoke the jurisdiction of the trial court to cancel the declared-upon compromise-settlement agreement for fraud, the mere mention of a right as sounding in compensation-law provisions could not—at most—be more than a vague presumption of jurisdiction, rather than an affirmative and actual showing thereof.

The judgment will be affirmed.