J. W. Brannon *v.* Pacific Employers
Insurance Company.

No. A-2316. Decided November 23, 1949.
(224 S. W., 2d Series, 466.)

*Peter P. Cheswick,* of Houston, for petitioner.

The Court of Civil Appeals erred in affirming the judgment of the district court which dismissed the cause for want of jurisdiction. Associated Emp. Lloyds v. Aiken, 201 S. W. (2d) 856; Davis v. Commercial Standard Ins. Co., 194 S. W. (2d) 599;

Texas Emp. Ins. Assn. v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583.

*Chilton Bryan* and *S. G. Kolius*, both of Houston, for respondent.

Since the amount in controversy in this suit was for less than $500.00, the court had no jurisdiction, and having dismissed the suit for that reason, plaintiff had no alternative than to return to the Industrial Accident Board for relief. Commercial Cas. Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081, and 89 S. W. (2d) 1116; Traders & Gen. Ins. Co. v. Cole, 108 S. W. (2d) 864; Benson v. Travelers Ins. Co., 40 S. W. (2d) 966.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioner, plaintiff below, filed this suit in the 113th District Court of Harris County, Texas, against respondent, defendant below, to cancel and set aside an alleged compromise agreed settlement between the parties for injuries sustained by petitioner in the course of his employment with Richard R. Olmsted Company. Respondent was the insurance carrier for Olm sted under the Workmen's Compensation Laws of Texas.

Petitioner alleged an injury to "his back and all over his body, brought about indirect inguinal hernia, and other injuries to his body general in scope, which such injuries disabled him to such extent that he is now unable to earn money as before the injury thus entitling him to maximum compensation under the laws of State of Texas." Petitioner further alleged that as result of fraud or misrepresentations practiced on him by respondent and its agent he was induced to sign and deliver a compromise settlement release for all his injuries for the sum of $115 cash and $100 later to be paid by respondent, and other appropriate pleadings seeking to have said release set aside. Petitioner prays "* * * that upon final trial he have judgment setting aside the compromise agreement signed November 17, 1947, with defendant herein, and which had been approved by the Industrial Accident Board of Texas, and for such other and further relief that he may be entitled to in law and equity, general or special, as he will ever pray."

Respondent answered with a plea to the jurisdiction of the district court to hear and determine the cause, and contended that the suit could only be brought in the county court. Respondent also pleaded other defenses, but, since the trial court sustained its plea to the jurisdiction and dismissed the cause,

such other pleadings are immaterial on this appeal. From the trial court's order sustaining the plea and dismissing the cause, petitioner duly appealed to the Court of Civil Appeals at Galveston, Texas, where such judgment was affirmed, 221 S. W. (2d) 554. The cause has regularly reached this court for its decision. Both parties agree there is only one point for decision, viz:

■ Does the District Court have jurisdiction to hear this suit to set aside the compromise agreement consideration for which agreement was only $215?

"This article (Art. 8306, Sec. 12d, Vernon's Annotated Statutes, 1925, as amended) does not relate to the question of setting aside compromise settlement agreements or orders approving same. The only powers therein conferred upon the board are to review awards of compensation previously made and to change or revoke previous orders denying compensation. The Board's approval of a compromise agreement is not an award of compensation. Lumbermen's Reciprocal Association v. Day (Tex. Com. App.) 17 S. W. (2d) 1043. Neither is it an order denying compensation. In short, the board has no authority to set aside a compromise settlement agreement or its order approving same. Were the parties to such an agreement left to look alone to the Workmen's Compensation Law, there would be no way to avoid its binding effect. The power of the courts to set aside such an agreement for fraud is not derived from the Workmen's Compensation Law, but exists by virtue of the Constitution and general statutes defining their jurisdiction. *Whenever a party to such contract claims to have been induced to execute same through fraud of the other party, the court is the forum and the only forum to which he may resort.*" Commercial Cas. Ins. Co. v. Hilton, 126 Tex. 497, 87 S. W. 2d, 1081, (Italics ours); Traders & General Ins. Co. v. Bailey, 127 Tex. 322, 94 S. W. 2d 134; Wood v. Traders & General Ins. Co. (TCA) 82 S. W. 2d 421, writ ref.; Lumbermen's Reciprocal Ass'n v. Henderson (Comm.) 15 S. W. 2d 565; Gibson v. Employers Liability Assurance Corp. (TCA) 131 S. W. 2d 327, writ ref.

In the trial of a suit to set aside a compromise agreement in a Workmen's Compensation case, the trial court has no jurisdiction to pass upon a claim for compensation or to render judgment for such compensation. Texas Emp. Ins. Ass'n v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583 (6, 7); Commercial Cas. Ins. Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081 (4, 5); Traders & General Ins. Co. v. Bailey, 127 Texas 322, 94 S. W. (2d) 134; 45 Tex. Jur. Sec. 246, p. 711.

■ In a suit to set aside a compromise settlement on the grounds of fraud, the rules of common law applicable to suits for rescission and cancellation are applicable; Tex. Emp. Ins. Ass'n v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583; Traders & General Ins. Co. v. Bailey, 127 Texas 322, 94 S. W. (2d) 134; Wood v. Traders & General Ins. Co. (TCA) 82 S. W. (2d) 421, writ ref.; Gibson v. Emp. Liability Assurance Corp. (TCA) 131 S. W. (2d) 327, writ ref.

■ In order for a plaintiff to have the release cancelled he must show, among other things, the false representations and that they were made by the defendant or his duly authorized agents; that plaintiff relied upon such representations; that he has been injured, that is, that he has a meritorius claim for compensation, and he must make a tender or show that his injury is greater than the amount paid or other facts which excuse a return of the amount plaintiff received when he executed the release sought to be set aside.

■ The pleading of the facts with regard to plaintiff's right to compensation are incidental to the relief sought by the cancellation and go to show the injury suffered by the plaintiff by virtue of the execution of the release. If plaintiff should show only that he would be entitled to receive as compensation on a trial of his cause for compensation a smaller amount, or the same amount, as that already paid him, of course, he could not have the release cancelled. To so cancel the release would be a vain and useless thing which the courts would not do.

■ This brings us down to the question as to what is put in issue by the suit to cancel the release. Article 8306, section 10, Vernon's Ann. Civ. St., as amended in 1947, fixed a maximum compensation for total and permanent disability of $10,025.00. The amount that the petitioner asserts that the respondent owes him is the difference between the total amount he says he is entitled to, $10,025.00, and the amount he has already been paid, $215.00, which difference is $9,810.00. This is the amount that the petitioner is trying to recover from the respondent, and this is the claim that the respondent is denying. The sum of $215.00 which was paid as the consideration for the release is in no sense the amount in controversy between the parties. The petitioner is not claiming that he is entitled to this sum; he obviously could not do so because it has already been paid to him. On the other hand, the respondent is not denying that the petitioner properly received this sum under their agreement; what respondent contests is petitioner's claim to an additional sum.

■ It is a fundamental rule that in determining the jurisdiction of the trial court, the allegations of the petition made in good faith are determinative of the cause of action. Booth v. Tex. Emp. Ass'n, 132 Texas 237, 123 S. W. (2d) 322; Standefer v. Aultman and Taylor Mach. Co., 34 Texas Civ. App. 160, 78 S. W. 552; Lubbock Oil Co. v. Bourn, (TCA) 96 S. W. (2d) 569, l.c. 571 (3) ; Johnson v. Universal Life & Accident Ins. Co., Texas 435, 94 S. W. (2d) 1145, l.c. 1146, middle 2d col.; Berkman v. Levy, (TCA) 129 S. W. (2d) 397, dism. cor. judgm., l.c. 399, 1st col. top; Cleckler v. American Motor Finance Co., (TCA) 24 S. W. (2d) 514, writ ref.; Abilene & So. Ry. v. Bagwell, (TCA) 70 S. W. (2d) 480, writ dism.; 11 Tex. Jur. sec. 26, p. 739, sec. 27, p. 741; 21 C. J. S. sec. 33, p. 42.

■ The difficulty in the present case seems to arise out of the unusual character of the suit. Since the compromise agreement has been approved by the Industrial Accident Board, it has been held that the claimant must first file a suit in court to set aside the agreement, that in such a suit the court cannot grant judgment for the claimant for compensation but can only grant him the relief of cancellation, that the claimant must then go back to the Industrial Accident Board and there prosecute his claim, and that if either party is then dissatisfied with the Board's award, an appeal can be taken to the court. Lumbermen's Reciprocal Ass'n v. Henderson, Tex. Com. App., 15 S. W. (2d) 565; Commercial Casualty Ins. Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081. As the court said in the latter case, "the effect of such holding may be to require a case to be tried by piecemeal, but it must be tried that way or not at all." See 126 Texas at 502, 87 S. W. (2d) at 1083. This complicated procedure should not blind us to the real nature of the matter in dispute between the parties. The fact that in the present proceeding the court cannot award the petitioner a money judgment does not alter the amount or value of the matter in controversy. If the petitioner succeeds in this proceeding, he has won the first round in his attempt to collect $9,810.00. On the other hand, if the respondent wins in this proceeding, then the petitioner will have finally lost his claim for $9,810.00, because he will be concluded by the judgment upholding the compromise agreement from further asserting this claim, and the respondent would therefore have a judgment in its favor finally freeing it from this claim. Whichever way judgment goes in this proceeding, the $215.00 paid for the compromise will neither be lost nor gained by either party.

So far as we can discover, the question of jurisdiction in

this kind of case has been expressly and squarely passed on in only one case. In Lumbermen's Reciprocal Ass'n v. Henderson, Tex. Com. App., 15 S. W. (2d) 565 (opinion adopted by Supreme Court), the court for the first time outlined the procedure to be followed in this kind of case but did not expressly decide the question of how the amount in controversy should be determined, although the consideration for the compromise agreement there was only $111.38 and it was held that the district court "had authority to adjudge vacation of the agreement." See 15 S. W. (2d) at 566. However, in the case of Maryland Casualty Co. v. Meyer, Tex. Civ. App., 41 S. W. (2d) 291, second appeal 57 S. W. (2d) 616, writ refused, the question was expressly passed on. The consideration for the compromise agreement in that case was $75.00, plus previous payments making a total of $487.50, and the claimant contended he was justly entitled to $5,540.64. The Court of Civil Appeals at Amarillo at first held that the district court did not have jurisdiction, but later withdrew its opinion and held to the contrary.

This case came up on a second appeal, Maryland Casualty Co. v. Meyer, Tex. Civ. App., 57 S. W. (2d) 616, where the same question of jurisdiction was raised, and the court, speaking through Judge Martin, said:

*"The same jurisdictional question is again presented as was decided on the former appeal. Being satisfied with the disposition and the discussion of this question shown in the report of this case, we pretermit any further reference to same."* (Emphasis added.)

▮ Upon this second appeal, an application for writ of error was filed, and the Supreme Court "refused" the application. See 122 Texas at 681. While the application was filed by the claimant and did not attack the district court's jurisdiction, the Supreme Court under the statute then in effect, Article 1728, Rev. Civ. St. of 1925, as amended by Acts 1927, 40th Leg., p. 214, ch. 144, sec. 1, by making the docket notation "Refused" on the application, held not only that the judgment of the Court of Civil Appeals was a correct one but also that "the principles of law declared in the opinion of the court" were correctly determined. The matter of jurisdiction was expressly passed on by the Court of Civil Appeals in its last opinion as well as its first opinion, and the action of this court in refusing the application must be interpreted as an approval of the holding of the Court of Civil Appeals on this question.

The law as determined by the Meyer case, supra, is stated in 45 Tex. Jur., Workmen's Compensation, sec. 244, as follows:

"As we have seen (sec. 238), a proceeding for relief from a compromise agreement that has been approved by the board is to be brought in a court of competent jurisdiction. The jurisdictional amount, it would seem, is to be determined not by the sum involved in the agreement but by the difference in the amount which the workman was entitled to receive under the compensation law and what he received under the settlement."

See, also, 21 C. J. S., Courts, sec. 54, note. 80.

No decisions by this court have cast any doubt upon the soundness of the rule stated in the Meyer case. On the contrary, this court has repeatedly entertained jurisdiction of appeals from district courts in cases for the cancellation of compromise agreements of this kind where the consideration for the agreement was less than $500.00 but the claimant asserted a right to an amount greater than $500.00. Commercial Casualty Ins. Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081, 89 S. W. (2d) 1116; Traders & General Ins. Co. v. Bailey, 127 Texas 322, 94 S. W. (2d) 134; Safety Casualty Co. v. McGee, 133 Texas 233, 127 S. W. (2d) 176, 121 A. L. R. 1263; Texas Employers Ins. Ass'n v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583. Likewise, courts of civil appeals have entertained appeals from judgments of district courts in suits to cancel compromise agreements where the consideration stated in the agreement was less than $500.00 but the amount claimed was in excess of that amount. Commercial Standard Ins. Co. v. Lowrie, Tex. Civ. App., 49 S. W. (2d) 933, writ refused; Wood v. Traders & General Ins. Co., Tex. Civ. App., 82 S. W. (2d) 421, writ refused; Traders & General Ins. Co. v. Towns, Tex. Civ. App., 130 S. W. (2d) 445, writ dismissed, correct judgment; Gibson v. Employers' Liability Assurance Corp., Tex. Civ. App., 131 S. W. (2d) 327, writ refused; Davis v. Commercial Standard Ins. Co., Tex. Civ. App., 194 S. W. (2d) 599, writ refused, n. r. e.; Associated Employers Lloyds v. Aiken, Tex. Civ. App., 201 S. W. (2d) 856, writ refused, n. r. e. The recited consideration in the Davis case, supra, was $160.00 plus medical bills, the amount of which is not shown in the opinion; in the Gibson case, supra, the consideration recited was $361.00, but $252.00 had previously been paid; in the Towns case, the consideration was $375.00; and in the other cases cited above the consideration was less than $200.00.

In view of the above cases we hold that the District Court

of Harris County had jurisdiction to try this cause, and that the trial court erred in sustaining the respondent's plea to the jurisdiction of the district court to try this case.

The judgments of both courts below are reversed and this cause is remanded to the 113th District Court of Harris County for trial on the merits of the case.

Opinion delivered November 23, 1949.

No motion for rehearing on file.