TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00513-CV






Continental Casualty Company, Appellant



v.



Texas Board of Chiropractic Examiners, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. GN-001368, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Continental Casualty Company appeals from the trial court's dismissal for want of
jurisdiction of Continental's suit for declaratory judgment to determine the validity of an opinion
of the Texas Board of Chiropractic Examiners. We affirm the trial-court judgment.


Background



 On September 11, 1997, the Board issued an opinion to chiropractors licensed in
Texas concluding that manipulation under anesthesia and needle electromyography (EMG) (1) were
within the scope of chiropractic practice. See Tex. Occ. Code Ann. § 201.002 (West 2001). 
Continental brought suit, contending that the Board's opinion improperly interpreted the statute. 
Continental alleged in its pleadings that it provides workers' compensation coverage to employers
in Texas. As part of its obligations under the Workers' Compensation Act, Continental is liable
for medical care provided to injured workers to treat compensable injuries. (2) Continental alleges
that it now must pay chiropractors for services that chiropractors cannot legally perform. 
Continental does not allege the procedures themselves are illegal, but that chiropractors may not
render these services. The Board filed a plea to the jurisdiction alleging, among other grounds,
that the trial court lacked jurisdiction because it would be rendering an impermissible advisory
opinion. The trial court, in a general order, granted the plea to the jurisdiction.

 Continental brings three issue on appeal: whether sovereign immunity bars
Continental's claims against the Board under the Uniform Declaratory Judgments Act and the
Administrative Procedure Act; (3) whether jurisdiction exists under the Uniform Declaratory
Judgments Act for the trial court to consider Continental's claims; and whether there is a
justiciable controversy between Continental and the Board. Because we conclude that the trial
court would be rendering an impermissible advisory opinion if it assumed jurisdiction over the
case, we will affirm the order of dismissal.

Discussion


Advisory Opinions


 A plea to the jurisdiction contests the district court's authority to consider a cause
of action. H.G. Sledge, Inc. v. The Prospective Inv. & Trading Co., Ltd., 36 S.W.3d 597, 600
(Tex. App.--Austin 2000, pet. denied); Tsumi, Inc. v. Texas Parks & Wildlife Dep't, 23 S.W.3d
58, 60 (Tex. App.--Austin 2000, pet. denied). Although a court may need to consider evidence
in deciding certain pleas to the jurisdiction, the parties in this case offered no evidence. See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). Accordingly, we review only the
factual allegations made in good faith in the plaintiff's petition. Brannon v. Pacific Employers
Ins. Co., 224 S.W.2d 466 (Tex. 1949). This Court takes the allegations in the petitions as true. 
Id. (4) The plaintiff bears the burden of alleging facts to demonstrate the district court properly
exercised its subject matter jurisdiction. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). Unless the face of the petition affirmatively demonstrates a lack
of jurisdiction, the district court must liberally construe the allegations in favor of jurisdiction. 
Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). 

 The separation-of-powers doctrine prohibits courts from issuing advisory opinions. 
Texas Ass'n of Bus., 852 S.W.2d at 444; Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 333
(Tex. 1969); Brinkley v. Texas Lottery Comm'n, 986 S.W.2d 764, 767 (Tex. App.--Austin 1999,
no pet.). The distinctive feature of an advisory opinion is that it decides an abstract question of
law without binding the parties. Alabama State Fed'n of Labor v. McAdory, 325 U.S. 450, 461
(1945); Texas Ass'n of Bus., 852 S.W.2d at 444; Brinkley, 986 S.W.2d at 767. An opinion is
advisory when the judgment sought would not constitute specific relief to a litigant. Brinkley, 986
S.W.2d at 767.

 For the court to exercise jurisdiction to render a declaratory judgment, the plaintiff
must allege facts that demonstrate a real dispute involving an immediate, concrete outcome. 
Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). That is, a justiciable
controversy must exist as to the rights and status of the parties and the controversy must be
resolved by the declaration sought. Id. In the case of agency action, this normally means that the
agency's interpretation or opinion regarding the statute must be enforced against the plaintiff. See
Texas Comm'n of Licensing & Regulation v. Model Search Am., Inc., 953 S.W.2d 289, 292 (Tex.
App.--Austin 1997, no writ); Sun Oil Co. v. Railroad Comm'n, 311 S.W.2d 235, 237 (Tex. 1958).


Continental's Complaint


 Continental complains that the Board has authorized chiropractors to perform
certain procedures which Continental asserts are outside the scope of chiropractic practice. 
Because Continental provides workers' compensation insurance, it asserts it must pay for these
procedures under the relevant rules of the Texas Workers' Compensation Act. We first note that
Continental's only claim of injury is that it must pay chiropractors for these services. Continental
does not allege that the procedures themselves are illegal, only that chiropractors should not
perform them. Continental does not allege, however, that it provides a type of insurance that only
covers treatment by chiropractors or that the Workers' Compensation Commission only requires
payment for procedures performed by chiropractors. (5) Based on Continental's pleadings, even
absent the Board opinion, it appears that Continental will have to pay some category of medical
professional for the procedures.

 Further, if Continental refuses to pay for these treatments, it alleges no
consequences that the Board may impose against it. Continental is not a licensee of the Board
subject to the rules and disciplinary sanctions that the Board may level. (6) Continental does not
assert that any action of the Board compels payment; its complaint appears to be against the
Workers' Compensation Commission, which is not a party to the litigation. Accordingly, we
overrule issues two and three, holding that the district court did not have jurisdiction and that
there was no justiciable controversy. Because of our disposition of the case, we need not discuss
issue one.


Conclusion



 We have concluded that the district court, were it to assume jurisdiction, would be
rendering an advisory opinion. Accordingly, we affirm the trial court's judgment of dismissal.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 12, 2001

Do Not Publish
1. "Manipulation under anesthesia" uses anesthesia to overcome a conscious patient's
protective reflex mechanism to certain manipulations. Timothy L. Mills, D.C., Graphic
Description of Forces Used in Chiropractic Manipulation Under Anesthesia (MUA),
www.chiroweb.com/ archives/11/03/28.html. Needle electromyography is a diagnostic technique
that measures and records electrical activity of muscles. Op. Att'y Gen. No. DM-472 at 1558 n.6
(1998).
2. See Tex. Labor Code Ann. §§ 408.021-.028 (West 1996 & Supp. 2001); 28 Tex. Admin.
Code §§ 42.5-.315 (2000).
3. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2001); Tex. Gov't
Code Ann. § 2001.038 (West 1999).
4. No issues are raised that the allegations were made fraudulently to confer jurisdiction. See
Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Texas State
Employees Union v. Texas Workforce Comm'n, 16 S.W.3d 61, 65 (Tex. App.--Austin 2000, no
pet.).
5. In reviewing sections of the Workers' Compensation Commission rules governing payments
for medical treatments, we note that medical doctors, osteopaths, chiropractors, and podiatrists
are often listed in a definition without any distinction being made among them. See, e.g., 28 Tex.
Admin. Code § 41.10(1) ("Health provider--Used in these board rules in a generic sense, having
reference to licensed practitioners of medicine, osteopathic, chiropractic, and podiatry"). We
assume that Continental's basis for complaining of paying chiropractors for these treatments is
the language within one definition that refers to a health care provider as a "doctor or other person
licensed to practice one or more of the healing arts within the limits of the license of the
licentiate." Id. at § 42.15(13)(A). Continental does not specify which sections of these rules it
claims mandate its payment.
6. Tex. Occ. Code Ann. §§ 201.501-.605 (West 2001); 22 Tex. Admin. Code §§ 71.1-80.1
(2000). The only sanctionable offense applicable to a non-licensee appears to be practicing
without a license. Occ. Code §§ 201.301 (license required); 201.605 (criminal penalty); 22 
Admin. Code § 75.10(d).



ntal complains that the Board has authorized chiropractors to perform
certain procedures which Continental asserts are outside the scope of chiropractic practice. 
Because Continental provides workers' compensation insurance, it asserts it must pay for these
procedures under the relevant rules of the Texas Workers' Compensation Act. We first note that
Continental's only claim of injury is that it must pay chiropractors for these services. Continental
does not allege that the procedures themselves are illegal, only that chiropractors should not
perform them. Continental does not allege, however, that it provides a type of insurance that only
covers treatment by chiropractors or that the Workers' Compensation Commission only requires
payment for procedures performed by chiropractors. (5) Based on Continental's pleadings, even
absent the Board opinion, it appears that Continental will have to pay some category of medical
professional for the procedures.

 Further, if Continental refuses to pay for these treatments, it alleges no
consequences that the Board may impose against it. Continental is not a licensee of the Board
subject to the rules and disciplinary sanctions that the Board may level. (6) Continental does not
assert that any action of the Board compels payment; its complaint appears to be against the
Workers' Compensation Commission, which is not a party to the litigation. Accordingly, we
overrule issues two and three, holding that the district court did not have jurisdiction and that
there was no justiciable controversy. Because of our disposition of the case, we need not discuss
issue one.


Conclusion



 We have concluded that the district court, were it to assume jurisdiction, would be
rendering an advisory opinion. Accordingly, we affirm the trial court's judgment of dismissal.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 12, 2001

Do Not Publish
1. "Manipulation under anesthesia" uses anesthesia to overcome a conscious patient's
protective reflex mechanism to certain manipulations. Timothy L. Mills, D.C., Graphic
Description of Forces Used in Chiropractic Manipulation Under Anesthesia (MUA),
www.chiroweb.com/ archives/11/03/28.html. Needle electromyography is a diagnostic technique
that measures and records electrical activity of muscles. Op. Att'y Gen. No. DM-472 at 1558 n.6
(1998).
2. See Tex. Labor Code Ann. §§ 408.021-.028 (West