**AFFIRM; Opinion Filed March 9, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00933-CV

**JUSTIN HOLLAND, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F04-99717**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

Appellant Justin Holland appeals the trial court's order denying his petition

for non-disclosure of criminal-history record information. In three issues, appellant

urges the trial court erred in failing to (1) conduct a hearing on non-disclosure in the

best interest of justice, (2) make a finding on the record that the petition for non-

disclosure was denied, and (3) consider that appellant was entitled to non-disclosure

because he was not required to register as a sex offender. The State contends this

Court has no jurisdiction to consider this appeal. We conclude this Court has

jurisdiction over this appeal and that the trial court did not err in denying appellant's

petition for non-disclosure. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with having committed the offense of aggravated sexual assault. Aggravated sexual assault is a first degree felony. TEX. PENAL CODE ANN. § 21.021(e). The offense was alleged to have occurred on January 3, 2001, when appellant was fourteen years old. Appellant's case was assigned to the juvenile court, where he pleaded no contest, was adjudicated guilty and placed on probation.[1] Pursuant to section 54.051 of the family code, appellant's probation was transferred from juvenile court to adult court by order dated August 13, 2004, effective on appellant's eighteenth birthday, September 16, 2004. TEX. FAM. CODE ANN. § 54.051.[2] On November 8, 2007, the district court judge modified the conditions of appellant's community supervision to require appellant to register as a sex offender. *See id.* § 54.051; TEX. CODE CRIM. PROC. ANN. art. 62.352. On November 5, 2008, appellant moved for discharge from sex offender registration. On May 20, 2009, the district court judge discharged appellant from registering as a sex offender. Thereafter, on January 20, 2010, the trial court approved of appellant changing his address and his community supervision to the State of Oklahoma and later to

---

[1] Probation is also referred to as community supervision. In this opinion, we use these terms interchangeably.

[2] Appellant contends that the State filed a petition to declare him an adult after he turned eighteen. The record shows otherwise.

Henderson County, Texas.[3]  Appellant's community supervision was extended to March 15, 2013.  On March 15, 2013, the trial court entered an order granting appellant discharge from community supervision.

On September 20, 2017, appellant filed his petition for non-disclosure requesting an order prohibiting criminal-justice agencies from disclosing to the public his criminal-history record information pursuant to former government code section 411.081.[4]  The trial court held a hearing on appellant's petition for non-disclosure on July 2, 2018.  On July 25, 2018, the trial court denied appellant's petition.  This appeal followed.

## JURISDICTION IN THE COURT OF APPEALS

We first consider the State's jurisdictional challenge.  Article V, section 6 of the Texas Constitution gives this Court jurisdiction over all cases "of which the

---

[3] Appellant contends that, with the approval of the juvenile department, he moved to Oklahoma and the juvenile department lost track of him.  The record shows otherwise as appellant was transferred to the district court upon his eighteenth birthday and six years later that court approved his move to Oklahoma.

[4] In 2015, the legislature amended and transferred portions of the statutory provisions governing non-disclosure orders from section 411.081(d) through (i) to a newly enacted government-code subchapter.  *See* Acts 2015, 84th Leg., ch. 2279 (S.B. 1902), §§ 2, 4, 6, to 12, 20, eff. Sept. 1, 2015.  The 2015 amendments apply only to offenses committed on or after the effective date of September 1, 2015.  *See id.*; *S.S. v. State*, No. 02-16-00194-CV, 2017 WL 1352102, at *2 (Tex. App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.).  The underlying offense occurred on or about January 3, 2001.  Thus, former government code section 411.081 would govern in this case.  We note that in 2003, section 411.081 was amended to add subsections (d) and (e), upon which appellant relies.  *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, 2003 Tex. Gen. Laws 3499, 3500–01 (current version at TEX. GOV'T CODE ANN. §§ 411.0725(b) to (e), 411.074(b)(1)(D).  The 2003 amendments applied regardless of whether the deferred adjudication (the significance of which is further explained herein) was entered before or after the effective date.  *Id.*  The 2003 statute was amended many times thereafter, but the pertinent language relevant here was unchanged.  Throughout this opinion, we refer to former government code section 411.081 because it would govern in in this case.

District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). In addition, the Texas Constitution vests courts of appeals with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id.* Thus, an appellate court's jurisdiction must be based on (1) the general constitutional grant, subject to any regulations or restrictions imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *Id.*; *see also Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000).

We first look to the non-disclosure of criminal history statute itself to see whether it contains a specific grant of jurisdiction to the courts of appeals. *See former* TEX. GOV'T CODE ANN. § 411.081. This statute does not specifically provide this Court with jurisdiction. Accordingly, this Court's jurisdiction over this appeal, if any, must be based on the general constitutional grant as restricted by the legislature. General appellate jurisdiction of courts of appeals is limited to cases where the amount in controversy or the judgment rendered exceeds $250, exclusive of interests and costs. TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; GOV'T § 22.220(a). While the amount in controversy is frequently determined by the damages sought, that is not always so. *Brannon v. Pacific Employers Inc. Co.*, 224 S.W.2d 466, 468–69 (Tex. 1949). The subjective value of a privilege, if asserted in good faith, establishes jurisdiction if that value meets the requisite amount in controversy. *Tune*, 23 S.W.3d at 362 (citing *Long v. Fox*, 625 S.W.32d 376, 378

(Tex. App.—San Antonio 1981, writ ref'd n.r.e.)).

On December 18, 2019, this Court requested that appellant provide a supplemental factual explanation, consistent with *Tune*, as to the claimed good-faith subjective value to him of the relief requested in this case. *See* GOV'T § 22.220(c).[5] On January 14, 2020, appellant provided this Court with his affidavit stating he has an engineering degree and that, because of the records concerning the sexual abuse of a child offense, he has been denied employment in the engineering field and has had to accept work at a salary that is much lower than his education warrants. He indicates that he has lost a minimum of $80,000 in income over the past three years due to his criminal-history information. Appellant has thus established an amount in controversy that exceeds the jurisdictional minimum of $250. *See e.g., Harris v. State*, 402 S.W.3d 758, 763 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

### AVAILABILITY OF NON-DISCLOSURE

Appellant urges this Court to reverse the trial court's order because the trial court did not (1) consider whether it is in the best interest of justice that he be granted non-disclosure, (2) make a finding on the record that the petition for non-disclosure was denied, and (3) consider that appellant was entitled to non-disclosure because he was not required to register as a sex offender. The State urges this Court to affirm the trial court's order asserting appellant was not entitled to petition for non-

---

[5] Section 22.220(c) provides, "Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."

disclosure under former government code section 411.081(d), (e) because appellant was placed on ordinary probation, not deferred adjudication probation. For the reasons set forth herein, we agree with the State.

As identified by the State, the threshold issue presented in this case is whether appellant was entitled to petition for non-disclosure. That inquiry hinges on statutory construction, something we review *de novo* and with the primary objective being to ascertain and to give effect to the legislature's intent as expressed in the statute. *See Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 494 (Tex. 2013). We read statutes according to their plain language and assume that each word used has a purpose. *See Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013). Former government code section 411.081(d) provided, if a person is placed on *deferred adjudication* community supervision for an offense for which an order of non-disclosure may be issued and subsequently receives a discharge and dismissal and satisfies various requirements, the person may petition the court for an order of nondisclosure. *See former* GOV'T § 411.081.

The record before us shows appellant received ordinary probation, not deferred adjudication. Appellant conceded this point in his petition, but urges that he should be entitled to petition for an order of non-disclosure because deferred adjudication was not available to him under juvenile law. Appellant cites no authority to support an extension of the legislature's express limitation of the statute's reach to persons who are placed on deferred adjudication to him and we

–6–

have found none. Because appellant was placed on ordinary probation and not deferred adjudication, he was not entitled to petition for an order of non-disclosure and his complaints concerning various findings[6] and his assertion, contrary to the record, that he was entitled to non-disclosure because he was not required to register as a sex offender[7] are moot. We overrule appellant's issues.

## CONCLUSION

We affirm the trial court's order denying appellant's petition for non-disclosure of criminal-history records.

/David J. Schenck
DAVID J. SCHENCK
JUSTICE

180933F.P05

---

[6] Appellant contends that the trial court should have considered whether issuance of a non-disclosure order is in the best interest of justice, but consideration of same is predicated upon an entitlement to file the petition. *See former* GOV'T § 411.081(d). Because appellant was not entitled to file the petition, no consideration of the best interest of justice was warranted.

[7] Whether the offense at issue required registration as a sex offender is only considered after there has been a showing that the person was placed on deferred adjudication and received a discharge and dismissal. *See former* GOV'T § 411.081(e).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN HOLLAND, Appellant

No. 05-18-00933-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas Trial Court Cause No. F04-99717. Opinion delivered by Justice Schenck. Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the order of the trial court denying appellant's petition for non-disclosure of criminal-history records is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of March, 2020.